NO. 07-06-0358-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

NOVEMBER 6, 2007

_____


SECUNDINO ESTRADA A/K/A PINO DINO ESTRADA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 17,959-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, Appellant, Secundino Estrada a/k/a Pino Dino Estrada, was convicted by a jury of arson with an affirmative finding on use of a deadly weapon and sentenced to seventeen years confinement and a $7,500 fine. He presents two points of error by which he maintains the trial court abused its discretion (1) by failing

to give an instruction to the jury on assault, a lesser included offense,[1] and (2) by denying the defense a mistrial after the State's prosecuting attorney gave improper final closing argument to the jury during the punishment phase. He maintains the trial court's action denied him due process and equal protection of the law. We affirm.

Upon arriving home from work one afternoon, a neighbor heard Erica Vasquez hollering from a few houses away about a fire. He smelled smoke and ran down the street to help. Vasquez was shouting accusations that Appellant had set fire to the house. She is Appellant's stepsister and mother of his two young children. The evidence showed that Appellant became angry when Vasquez told him she was ending their relationship. Based on Vasquez's accusations that Appellant had started the fire, the assisting neighbor asked Appellant to "hang around a minute" and wait for law enforcement. According to the neighbor, Appellant had a knife and threatened to cut him before fleeing. Responding officers pursued him on foot and eventually "boxed" him into an alley where he was handcuffed and arrested. A search incident to arrest produced a knife with a burnt tip.

Appellant's second point contention is that the trial court erred in denying a mistrial after the prosecutor gave improper jury argument during the punishment phase. We disagree. To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the

---

[1]Point of error one was addressed by this Court in Appellant's appeal of his aggravated assault conviction in companion case bearing cause number 07-06-0357-CR and is not relevant to the arson conviction in this appeal.

evidence; (3) answer to opposing counsel's argument; or (4) plea for law enforcement. *See Gallo v. State*, No. AP-74900, 2007 WL 2781276, *6 (Tex.Crim.App. Sept. 26, 2007); *Cantu v. State*, 939 S.W.2d 627, 633 (Tex.Crim.App. 1997).

During closing argument of the punishment phase, the prosecutor commented:

[b]y the way, it doesn't take a rocket scientist that he's been arrested and charged with a pending robbery. It's kind of hard for us to try it here before it's tried somewhere else. . . .

Defense counsel objected on the ground that "[e]vidence of such robbery if it existed, would have been admissible regardless of where it happened." The trial court sustained the objection and instructed the jury to disregard the prosecutor's statement.

During the guilt/innocence phase, Vasquez testified that she was aware Appellant had an outstanding warrant for felony robbery. No objection was lodged by defense counsel. Officer Raymond Holsey, who had been dispatched to the fire, also testified without objection that he knew Appellant had an outstanding warrant for robbery.

When the trial court sustains an objection to improper argument and instructs the jury to disregard, there is no error by the trial court. *Archie v. State*, 221 S.W.3d 695, 699 (Tex.Crim.App. 2007). The only adverse ruling and occasion for a mistake is the trial court's denial of a motion for mistrial, which is reviewed for abuse of discretion. *Id*. at 699-700. *See also Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004). In determining whether the trial court abused its discretion by denying a mistrial, we balance three factors:

3

(1) the severity of the misconduct (prejudicial effect), (2) curative measure, and (3) the certainty of the punishment assessed absent the misconduct. *See Gallo*, 2007 WL 2781276, at *7; *Hawkins*, 135 S.W.3d at 77.

## Severity of the Conduct

Appellant argues that the prosecutor's comments do not fall within any of the categories of permissible jury argument. When assessing the prejudicial effect of the prosecutor's comments, we view them in light of the entire record. *Hawkins*, 135 S.W.3d at 78-80. It is arguable that the comments amount to summation of evidence from Vasquez's and Officer Holsey's testimony that Appellant had an outstanding warrant for robbery. Thus, we decline to find that the prosecutor's statement constituted severe misconduct.

## Curative Measure

The trial court sustained Appellant's objection and immediately issued a curative instruction to the jury. We presume the jury followed the court's instructions. *Gardner v. State*, 730 S.W.2d 675, 696 (Tex.Crim.App. 1987). Appellant contends the prosecutor's comments were so "manifestly improper" that no instruction could cure the damage. He argues that under Rule 404(b) of the Texas Rules of Evidence, evidence of other crimes is not admissible to prove Appellant's bad character.

Under article 37.07, § 3 of the Texas Code of Criminal Procedure Annotated (Vernon 2006), evidence may be offered as to any matter the court deems relevant to sentencing, including but not limited to the defendant's prior criminal record. Additionally, evidence of Appellant's warrant for robbery was testified to by two witnesses without objection during the guilt/innocence phase. Evidence introduced from other sources without objection waives subsequent complaints about the introduction of the same evidence from another source. *Reyes v. State*, 84 S.W.3d 633, 638 (Tex.Crim.App. 2002). Accordingly, we find the court's curative instruction was sufficient to attenuate any claim of harm.

### Certainty of the Punishment Assessed Absent the Misconduct

Where, as here, the argument occurred during the punishment phase of trial, we must analyze the punishment assessed against the probability that the same or similar punishment would have been imposed absent the alleged misconduct. *Archie*, 221 S.W.3d at 700. Appellant was convicted of arson with an affirmative finding on use of a deadly weapon, a first degree felony. A first degree felony carries a sentence of life or any term of not more than ninety-nine years or less than five years, with the possibility of a fine not to exceed $10,000. Tex. Penal Code Ann. § 12.32. (Vernon 2003). Appellant was sentenced to seventeen years confinement and a $7,500 fine. The confinement is on the low end of the statutory range of punishment and certainly within the range of punishment that might have been imposed by a fair and reasonable juror.

5

While there was some evidence that Appellant may have been unaware he started the fire, and may have even tried to extinguish it, the jury had already heard of Appellant's robbery warrant from other witnesses prior to the comments by the prosecutor. There is nothing in the record to indicate that Appellant might have received a lesser sentence absent those comments.

## Conclusion

After balancing the three factors to determine whether the trial court abused its discretion in denying Appellant's motion for mistrial, we conclude there was no abuse. Point of error two is overruled. Having overruled Appellant's only contention pertinent to his arson conviction, the trial court's judgment in trial court cause number 17,959-A is affirmed.

Patrick A. Pirtle
Justice

Do not publish.