**Julius ARCHIE, Appellant**

v.

**The STATE of Texas.**

**No. PD–0051–06.**

Court of Criminal Appeals of Texas.

May 2, 2007.

---

John A. Kuchera, Waco, for Appellant.

Lisa McMinn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## *OPINION*

JOHNSON, J., delivered the opinion of the Court in which PRICE, WOMACK, HERVEY, HOLCOMB and COCHRAN, JJ., joined.

After an extended attack on the complainant, his then girlfriend, appellant was charged by indictment with three offenses: aggravated assault with a deadly weapon, "to-wit: his hands"; felony family violence; and unlawful restraint. Evidence at trial showed an assault on the complainant in her car when she picked appellant up at his work, and a second assault over a

number of hours in her home. The jury convicted appellant of felony family violence and the lesser-included offense of misdemeanor assault. It then assessed punishment at incarceration for ten years and a fine of $10,000 for family violence and one year in jail and a fine of $4,000 for misdemeanor assault.

During the punishment phase, the state called as witnesses Bria Alexander, one of appellant's former girlfriends, and Desiree Briscoe, his current girlfriend. Alexander testified about assaults on her by appellant that were similar to the assault described by the complainant. Briscoe testified that she and appellant had argued, but that the only violence was one occasion on which he held her against a wall. Appellant called a former girlfriend, Brandy Dunlap, who testified that she had dated him for five years and had never been assaulted by him. Although he had testified during the guilt phase, appellant did not testify at punishment.

During final punishment arguments, the prosecutor stated,

> I think you have also learned that he has no respect for women. You have heard from three women now. And two of them tell you, frighteningly, the same story; that things are okay in the beginning of a relationship and then things start to go downhill, and that he strangles them and he ties them up. That is his MO. That's what he does. You've heard that now from two people. You heard no evidence to the contrary as to Bria Alexander, the second victim. You heard no denial. That was just accepted.

Defense counsel objected, "Excuse me, Your Honor. I object to counsel's comment on the defendant's failure to testify by that comment, that you have heard no denial about that." The trial court responded, "Instruct the jury that they will—I sustain the objection and instruct the jury they will follow the Court's instructions." The charge, already read to the jury, included an instruction that the jury should not consider "for any purpose whatsoever" that appellant did not testify. Appellant then moved for mistrial, which the trial court denied. The jury assessed the maximum available sentences.

On appeal, appellant argued that the prosecutor's remark that there had been no denial constituted an impermissible comment on his failure to testify and that, therefore, his motion for mistrial should have been granted. The court of appeals, finding that the state "does not seriously challenge Archie's assertion that the statement at issue was an erroneous comment on this failure to testify," limited its inquiry to whether the trial court's instruction was sufficient to cure any harm that resulted from the improper comment. *Archie v. State*, 181 S.W.3d 428, 431 (Tex. App.-Waco 2005). Citing *Hawkins v. State*, 135 S.W.3d 72 (Tex.Crim.App.2004), the court of appeals considered three factors: "(1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed)." *Id.* The court concluded that, as to severity of the misconduct, the comment was a direct reference to failure to testify and may be more difficult to cure than an indirect comment, but that the state did not emphasize the comment. As to curative measures, the court of appeals noted that, while the paragraph in the jury charge that prohibited consideration of appellant's decision not to testify had been read to the jury a short time before final arguments, it was one of nineteen paragraphs and was not specifically mentioned in response to the improper argument; the court of appeals concluded that the trial

court's direction to the jury that they were to follow the court's instructions "was very generic and did not direct the jury to disregard the improper argument." *Id.* at 432. The court of appeals found that, given the state's strong evidence at punishment, the improper argument did not result in a more severe penalty than would have been assessed in its absence. After balancing the three factors, the court of appeals found error in that "the instruction did not cure the prejudicial effect of the comment." *Id.*

The court of appeals then considered whether the error required reversal. It found that a comment on failure to testify constitutes constitutional error and is analyzed under TEX.R.APP. 44.2(a). *Id.* The court examined the source and nature of the error, the extent to which it was emphasized, the probable collateral implications of the error, the weight a juror would probably place on it, and whether declaring the error harmless would encourage the state to repeat it. The court found that the state was the source of the error and that the probable implication was that Alexander was truthful about the pattern of violence, which was critical to the resolution of conflicting testimony on whether appellant's relationships with women usually ended in violence. Using the standard set out in Rule 44.2(a), the court of appeals stated that it could not find, beyond a reasonable doubt, that the error did not contribute to the punishment. *Id.* at 433. The court affirmed the judgment of conviction, but remanded to the trial court for reassessment of punishment. *Id.*

The state appealed, raising three grounds.

1. Appellant did not preserve error because he failed to request that the trial court instruct the jury to disregard the prosecutor's argument, which would have cured its prejudicial effect. Because preservation of error is systemic, the court of appeals should have addressed this issue, even though it was not raised by the state on appeal.

2. The argument in this case was not a "direct" comment on the failure to testify.

3. The court of appeals erred in its harm analysis by holding that, even though the jury was not affected by the argument, a comment on the failure to testify was not harmless beyond a reasonable doubt because its source was the prosecutor and it violated the fifth amendment. Taken to its logical conclusion, this rationale dictates that no prosecutorial comment on the defendant's failure to testify can ever be harmless.

### Ground 1: Preservation of Error

 While preservation of error is systemic and a first-level appellate court should ordinarily review the issue on its own motion,[1] we will not be hyper-technical in our examination of whether error was preserved. In this case, appellant objected to the state's argument and gave an adequate ground for that objection. The trial court sustained the objection and, *sua sponte*, gave the jury what was functionally an instruction to disregard.[2] Although not explicitly in response to the ground of the objection, the court's in-

---

1. *Jones v. State,* 942 S.W.2d 1, 2 n. 1 (Tex. Crim.App.1997).

2. In his opinion concurring and dissenting, Chief Justice Gray noted that "the trial court gave an instruction that the jury would follow the court's instructions. In the charge to the jury, the jury was instructed not to refer to or allude to [appellant's] decision not to testify and not to take his decision into consideration for any purpose as a circumstance against him." *Archie,* at 435 (Gray, C.J., concurring and dissenting).

struction was given immediately after the objection and the trial court's sustaining of it. The instruction was followed immediately by appellant's motion for mistrial, which was promptly overruled.

■ To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument. In *Young v. State,* 137 S.W.3d 65, 69–70 (Tex.Crim.App.2004), we said that usual sequence is objection, instruction to disregard, and motion for mistrial, but that

this sequence is not essential to preserve complaints for appellate review. The essential requirement is a timely, specific request that the trial court refuses.... Similarly, the request for an instruction that the jury disregard an objectionable occurrence is essential only when the such an [sic] instruction could have had the desired effect, which is to enable the continuation of the trial by a[sic] impartial jury. The party who fails to request an instruction to disregard will have forfeited appellate review of that class of events that could have been "cured" by such an instruction. But if an instruction could not have had such an effect, the only suitable remedy is a mistrial, and a motion for a mistrial is the only essential prerequisite to presenting the complaint on appeal.

(Footnotes omitted.). See also, *Mathis v. State,* 67 S.W.3d 918, 927 (Tex.Crim.App. 2002); *Holberg v. State,* 38 S.W.3d 137, 141 n. 18 (Tex.Crim.App.2000). In these circumstances, a defense request for an instruction to disregard before requesting a mistrial was unnecessary, as appellant pursued his objection "to an adverse ruling," i.e. the denial of his motion for mistrial, and the trial court did, in effect, instruct the jury to disregard the argument. The error was preserved; only what was to be reviewed is at issue. We overrule the state's first ground.

## Ground 2: Direct Comment on Failure to Testify

The state challenges the conclusion of the court of appeals that the comment complained of was a "direct" comment. It does not challenge the finding that "[t]he State does not seriously challenge [appellant's] assertion that the statement at issue was an erroneous comment on his failure to testify," nor does it inform this Court how a finding that the argument was an indirect comment would change the analysis. We overrule the state's second ground.

## Ground 3: Improper Harm Analysis

■ The error alleged by appellant is not the trial court's response to the defense objection to the comment on the failure to testify, but the trial court's failure to grant appellant's motion for a mistrial. In reviewing a trial court's ruling on a motion for mistrial, an appellate court must uphold the trial court's ruling if it was within the zone of reasonable disagreement. *Wead v. State,* 129 S.W.3d 126, 129 (Tex.Crim.App.2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins,* 135 S.W.3d at 77. The standard of review is abuse of discretion.

Although the Court of Appeals and the parties have approached the issue as one of harm, that is not a correct characterization of the issue before us. A harm analysis is employed only when there is error, and ordinarily, error occurs only when the trial court makes a mistake. [citation omitted] Here, the trial court sustained the defense objection and granted the requested instruction to disregard. The only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for mistrial. Under those cir-

cumstances, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion. [citation omitted] *Hawkins*, 135 S.W.3d at 76–77.

Thus, the court of appeals erred in analyzing the error under Tex.R.App. 44.2(a).

■ Nevertheless, "whether a mistrial should have been granted involves most, if not all, of the same considerations that attend a harm analysis." *Hawkins* at 77. As in *Hawkins*, we shall apply the test articulated in *Mosley v. State*, 983 S.W.2d 249 (Tex.Crim.App.1998), which likewise involved prosecutorial misconduct in the form of improper jury argument, albeit at the guilt phase. In determining whether improper jury argument warrants a mistrial, the *Mosley* Court balanced three factors:

1) severity of the misconduct (the magnitude of the prejudicial effect of the prosecutor's remarks);

2) measures adopted to cure the misconduct (the efficacy of any cautionary instruction by the judge); and

3) the certainty of conviction absent the misconduct (the strength of the evidence supporting the conviction).

*Ramon v. State*, 159 S.W.3d 927, 929 (Tex. Crim.App.2004), *citing Mosley*, 983 S.W.2d at 259.

■ In conducting such analysis, we observe that, assuming that the prosecutor's statement was in fact a comment on appellant's failure to testify, it was brief and related only to Bria Alexander, "the second victim." As we have noted, the trial court sustained appellant's objection and *sua sponte* instructed the jury, in essence, to disregard the comment when it told the jury to follow the court's instructions, which included a paragraph that said that the jurors were not to refer to, allude to, or take into consideration the fact that appellant had elected not to testify. Un-

der the facts of this case, we conclude that, in sustaining appellant's objection and instructing the jury as it did, the trial court sufficiently ameliorated any potential harm. *See, e.g. Long v. State*, 823 S.W.2d 259, 269–70 (Tex.Crim.App.1991).

Since this argument occurred at punishment, we analyze the third factor with regard to the certainty of the punishment assessed. *See Martinez v. State*, 17 S.W.3d 677, 693 (Tex.Crim.App.2000). We observe that appellant was sentenced to the maximum term of incarceration and assessment of a fine for each offense of which he was convicted. After reviewing the record, which includes evidence of the facts of the instant offenses and appellant's dealings with other girlfriends, as well as evidence of appellant's convictions for unauthorized use of a motor vehicle, multiple criminal-trespass offenses, criminal mischief, misdemeanor thefts, violation of a protective order, a previous family-violence assault conviction, and evidence that he had helped a girlfriend attempt to perpetrate insurance fraud by burning her van, the court of appeals reasonably concluded that "due to the strength of the State's punishment case, it is likely that the same punishment would have been assessed regardless of the improper comment." *Archie v. State*, 181 S.W.3d at 432.

We conclude that the trial court did not err in overruling appellant's motion for mistrial. Accordingly, we sustain the state's third ground for review, reverse the judgment of the court of appeals, and affirm the judgment of the trial court.

KEASLER, J., concurred in the result.

KELLER, P.J., filed a concurring opinion.

MEYERS, J., filed a concurring opinion.

KELLER, P.J., filed a concurring opinion.

The court of appeals made two major mistakes in its analysis.

The first mistake was compound in nature: the court of appeals misidentified the error being considered in this case, and as a result, erred in applying the "beyond a reasonable doubt" harm standard of Rule 44.2(a).[1] As Chief Justice Gray noted in his separate opinion, the question of whether the trial court abused its discretion in denying the motion for mistrial is not properly posed as whether the trial court committed an error that was *harmful*, but instead as whether the trial court erred *at all*.[2] In addressing the denial of a motion for mistrial in *Hawkins*, we said:

> Although the parties and the Court of Appeals have approached the issue as one of harm, that is not a correct characterization of the issue before us. A harm analysis is employed only when there is error, and ordinarily, error occurs only when the trial court makes a mistake. Here, the trial court sustained the defense objection and granted the requested instruction to disregard. The only adverse ruling—and thus the only occasion for making a mistake—was the trial court's denial of the motion for

mistrial. Under those circumstances, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion.[3]

The question of whether a court abused its discretion in denying a motion for mistrial based on improper argument involves most, if not all, of the same considerations that attend a harm analysis for overruling an objection to argument.[4] But that does not mean that the same standards are employed in determining whether reversal is required.[5] The "beyond a reasonable doubt harmless" standard imposed when a trial court *overrules* an objection is one that heavily favors reversal. Common sense would dictate that the same analysis would not apply when the trial court *sustains* the objection. Indeed, in *Greer v. Miller*, addressing a very similar situation, the Supreme Court concluded that *Chapman's*[6] "beyond a reasonable doubt" standard was inapplicable.[7] Instead, when the only alleged error was the trial court's refusal to grant a mistrial, the standard for determining whether a trial court abused its discretion in that regard was one that heavily favors affirmance: whether the "prosecutorial misconduct ... so infect[ed] the trial with unfairness as to

---

1. Justice Reyna issued a lead opinion, which was not joined in its entirety by either of the other members of the court. Justice Vance, in a concurring and dissenting opinion, joined Justice Reyna in concluding that the trial court erred in denying a mistrial and that the error was harmful. Chief Justice Gray issued his own concurring and dissenting opinion, which disputed this manner of analyzing the issue.

2. *Archie v. State*, 181 S.W.3d 428, 434 (Tex. App.-Waco 2005)(Gray, C.J., dissenting); *Hawkins*, 135 S.W.3d 72, 76–77 (Tex.Crim. App.2004).

3. *Hawkins*, 135 S.W.3d at 76–77.

4. *Id.* at 77.

5. *Id.*

6. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

7. 483 U.S. 756, 763–767, 107 S.Ct. 3102, 97 L.Ed.2d 618. In *Greer*, the prosecutor asked a question that commented on the defendant's post-arrest, post-*Miranda* silence: "Why didn't you tell this story to anybody when you got arrested?" *Id.* at 759, 107 S.Ct. 3102. Defense counsel objected and requested a mistrial. *Id.* The trial court declined to grant a mistrial but sustained the objection and instructed the jury to "ignore [the] question, for the time being." *Id.* (brackets in original).

make the resulting conviction a denial of due process."[8]

The second mistake the court of appeals made was that it did not consider appellant's failure to seek a curative instruction. In *Young v. State*, we explained that, while a defendant does not completely forfeit review when he moves for a mistrial without first requesting an instruction to disregard, relief on the mistrial claim is appropriate only when the error could not have been cured by an instruction to disregard.[9] In *Greer*, the Supreme Court came to the same conclusion, observing that defense counsel "bore primary responsibility for ensuring that the error was cured in the manner most advantageous to his client."[10] Because appellant failed to request an instruction to disregard, the court of appeals erred in considering in its analysis the alleged weakness of the trial court's curative instruction. If the defendant was entitled to a better instruction, he should have requested it. Under the circumstances, the appellate court should have analyzed the issue not in light of the instruction actually given but in light of the most protective instruction the defendant was entitled to receive.

And for this reason, I disagree with the court's decision to "overrule" the State's first ground for review. The point of that ground was that appellant forfeited the higher level of scrutiny (a *Chapman* "beyond a reasonable doubt" harm analysis) that he might have obtained if he had requested, and was denied, an instruction to disregard. The Court says that the instruction that was given was "functionally" an instruction to disregard,[11] but I disagree. The instruction was a curative instruction of sorts, but it was not an explicit instruction to disregard, and a party with a valid objection is entitled to an explicit instruction, *upon request*. Here, there was no request, a fact the court of appeals failed to take into account.

The Court "overrules" the State's second ground, regarding "direct" versus "indirect" comments on a defendant's failure to testify, I would simply refrain from addressing the question because, under any characterization of the comment, an analysis under the correct standards clearly shows that the trial court did not err in denying the motion for mistrial. With regard to the first prong of the *Hawkins* analysis (severity/prejudicial effect), the prosecutor's comment did not impart any information to the jurors that they did not already have—they already knew appellant had not testified at the punishment phase of the trial. And as the court of appeals observed, the prosecutor did not pursue this line of argument. With regard to the second prong (curative measures), we must assume the trial court would have issued a specific instruction to disregard if appellant had requested one. Nothing in the record suggests that a timely, specific instruction to disregard would have been insufficient to cure any prejudice associated with the remark. Finally, with respect to the third prong (certainty of punishment), the punishment-related evidence against appellant was strong. Appellant had a prior felony conviction and seven misdemeanor convictions, including convictions for violating a protective order and for family violence assault. A prior girlfriend had testified to a pattern of abuse and to a harrowing incident similar to the one described by the complainant in this case. Even appellant's current girlfriend

---

**8.** Id. at 765, 107 S.Ct. 3102.

**9.** 137 S.W.3d 65, 69–71 (Tex.Crim.App.2004).

**10.** 483 U.S. at 767 n. 8, 107 S.Ct. 3102.

**11.** Court's op. at 698.

admitted to being on the receiving end of at least one act of abusive behavior. In light of this evidence, the court of appeals itself conceded that the same punishment would likely have been assessed regardless of the comment. Under the circumstances, I believe that the court of appeals was incorrect in concluding that the trial court erred in denying the motion for mistrial.

With these comments, I concur in the Court's judgment.

MEYERS, J., filed a concurring opinion.

The only possible error in this case was the denial of the motion for mistrial, but the court of appeals analyzed the issue backward. Rather than considering the trial court's failure to grant a mistrial and determining whether doing so was an abuse of discretion, the court found error in that the judge's instruction did not cure the prejudicial effect of the comment, and then analyzed this to determine whether it was harmful. The court determined that because it may have contributed to the punishment assessed, the comment was harmful. The majority properly determines that because the trial court did not abuse its discretion in failing to grant the mistrial, there was no error and thus no harm.

I write separately to emphasize the distinction between this type of comment occurring during the guilt phase of trial and this type of comment occurring during the punishment phase of trial. The majority points out the difference in analysis of the third factor, but I feel that the other factors are analyzed differently as well. The magnitude of the comment on the failure to testify is not the same if it may have affected only the punishment as it would be if it may have affected the determination of guilt. Thus, the issue raised in this case may have been different if the com-ment on the failure to testify was during the guilt phase. In that situation, the judge's admonition to the jury to follow the instructions in the charge may not have been sufficient.

With these comments, I join the opinion of the majority.