

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★  ★  ★                                    ★  ★  ★



# MEMORANDUM OPINION

Nos. 04-07-00273-CR; 04-07-00274-CR; 04-07-00275-CR; 04-07-00276-CR

Daniel **SANCHEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 218th Judicial District Court, Atascosa County, Texas
Trial Court Nos. 03-03-0086-CRA; 03-03-0088-CRA; 03-03-0089-CRA; 03-05-0153-CRA
Honorable Stella H. Saxon, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:       Catherine Stone, Justice
               Karen Angelini, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:   June 25, 2008

AFFIRMED

Daniel Sanchez was convicted by a jury of (1) one count of aggravated assault with a deadly

weapon against a peace officer, Sergeant Eliseo Perez; (2) one count of aggravated assault with a

deadly weapon against a peace officer, Assistant Chief Steve Gonzalez; (3) possession of cocaine;

and (4) evading detention while using a vehicle.  On appeal, Sanchez contends that the evidence is

legally and factually insufficient to convict him of the aggravated assault cases; Sanchez also

contends that the trial court erred by: (1) denying his motion for mistrial; and (2) allowing a juror who spoke to a witness to remain on the jury panel. We affirm the trial court's judgments.

### FACTUAL AND PROCEDURAL BACKGROUND

In response to a tip from a confidential informant about possible drug activity, Sergeant Perez and Assistant Chief Gonzalez started following a pickup truck in an unmarked police vehicle. While following the truck, Sergeant Perez observed two traffic violations: (1) the male and female occupants were not wearing seatbelts; and (2) the vehicle failed to properly stop at a stop sign. Sergeant Perez did not stop the truck but followed it as the truck entered the highway. Once on the highway, the truck traveled far below posted speed limits, and Sergeant Perez decided to pull the truck over because it presented a safety risk. Sergeant Perez turned on his siren and lights, but the truck continued to drive at a low speed and did not pull over for a few miles. Eventually the truck exited the highway and stopped. When the police officers exited their police car and approached the truck, the truck took off at a high rate of speed and reentered the highway.

A chase ensued for thirteen miles at speeds of 90-100 miles per hour. The driver of the truck tried to cause Sergeant Perez and Assistant Chief Gonzalez to wreck in various ways: by attempting to run the police car off the road and into overpasses; by breaking hard when the police car was close behind; and by accelerating and attempting to hit the back bumper of the police car when the police car was in front of the truck. Officer Robert Bratten joined the chase and shot one of the truck's rear tires; however, the truck continued at high speeds. Eventually the remaining three tires were shot, and the truck was completely boxed in by police cars. The truck continued for two more miles before stopping. When the truck stopped, police officers pulled out the male driver and broke the passenger window to remove the female passenger from the truck. The driver was identified as

Daniel Sanchez and the female passenger was identified as Jennifer Trevino. Police found packages containing 7.18 grams of cocaine in the truck.

### FACTUAL AND LEGAL SUFFICIENCY OF THE EVIDENCE

Sanchez contends that the evidence is legally and factually insufficient to support his conviction for aggravated assault on a public servant. When considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hernandez v. State*, 198 S.W.3d 257, 260 (Tex. App.—San Antonio 2006, pet. ref'd). We affirm the trial court's judgment if a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997). When considering a factual sufficiency challenge, we view all the evidence in a neutral light and set aside the verdict only if: (1) the evidence is so weak that the verdict is clearly wrong and manifestly unjust; or (2) the verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). The jury evaluates the credibility and demeanor of witnesses and determines the weight afforded contradicting testimony. *Stogiera v. State*, 191 S.W.3d 194, 196 (Tex. App.—San Antonio 2005, no pet.).

A person commits aggravated assault on a public servant with a deadly weapon when: (1) he intentionally or knowingly threatens imminent bodily injury; (2) to a person whom he knows is a public servant; (3) while the public servant is lawfully discharging an official duty; and (4) uses

a deadly weapon during the course of committing the assault. See TEX. PEN. CODE ANN. §§ 22.01(a)(2), 22.02(a)(2), 22.02(b)(2)(B) (Vernon Supp. 2007).

Sanchez contends the evidence is insufficient to establish that he intentionally or knowingly threatened Sergeant Perez or Assistant Chief Gonzalez with imminent bodily injury. Trevino testified that Sanchez knew he was being pursued by police vehicles, and when shots were fired Sanchez said he would run the police officers over and kill them if they got in his way. Trevino testified that Sanchez tried to hit the back corners of the police vehicles; however, Trevino also described collisions between the truck and police vehicles whereas the officers testified that there were no collisions. Sanchez correctly argues that the jury was not permitted to convict Sanchez based solely on Trevino's uncorroborated accomplice testimony. However, in addition to Trevino's testimony, the jury also watched a video of the chase and heard testimony from Sergeant Perez and Assistant Chief Gonzalez, who testified that Sanchez made multiple attempts to wreck their police car.

Assistant Chief Gonzalez testified that during the chase, Sanchez's truck came close to hitting the police car six or seven times. Perez testified that Sanchez attempted to run the police car into the supports at overpasses. When the police car was behind the truck, Sanchez would slam on his brakes. When Sergeant Perez drove in front of Sanchez's truck and attempted to slow Sanchez's truck by doing a "rolling roadblock," the truck would accelerate and attempt a "pit maneuver" – a method of hitting the back corner of a car to cause it to go into a spin. Sergeant Perez also narrated two videos of the chase and identified the maneuvers Sanchez attempted during the chase. The video and the testimony by the police officers were sufficient evidence to enable the jury to infer that

Sanchez intentionally or knowingly threatened Sergeant Perez and Assistant Chief Gonzalez with imminent bodily harm. Additionally, this evidence corroborates Trevino's testimony.

Sanchez challenges Trevino's credibility because she testified pursuant to a plea bargain with the State; however, reconciling conflicts in the evidence and determining a witness' credibility are within the exclusive province of the jury. *Whitaker v. State*, 977 S.W.2d 595, 598 (Tex. Crim. App. 1998). The evidence is legally and factually sufficient to support Sanchez's conviction. Accordingly, Sanchez's first four issues are overruled.

## MOTION FOR MISTRIAL

Sanchez argues that the trial court should have granted his motion for mistrial because the curative instruction from the court was not sufficient to repair the harm caused by Trevino's testimony on direct examination that Sanchez had previously been in jail. A mistrial is appropriate when error is so prejudicial that the proceedings should be stopped because expenditure of further time and expense would be wasteful and futile. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). The denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Generally, any error associated with improper questioning will be cured by an instruction to disregard. *Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Id.* at 77. To determine whether the trial court abused its discretion in denying the motion for mistrial, we consider: (1) the magnitude of the prejudicial effect; (2) the measures adopted to cure the error; and (3) the certainty of conviction absent the erroneous admission of evidence. *See Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998).

Trevino's improper testimony was in response to the State's questions about Trevino's relationship with Sanchez:

Q: How long did y'all go out?

A: Like maybe like six months and then he went to jail and then he came out and in another four months he went [to] jail and then, you know, and - and 2000 till now it's always he's in jail and I'm waiting or like that.

Q: So 2002 is when y'all hooked up again?

A: Yeah, when he came out of jail like we got back together.

[Attorney for Sanchez]: Your Honor, may we approach?

Sanchez objected that the mention of jail violated a motion in limine prohibiting evidence of extraneous misconduct or prior convictions and requested a motion for mistrial. The trial court sustained the objection, denied the motion for mistrial, and when the jury returned the trial court gave the jury the following curative instruction: "You are instructed that you are not to consider for any purpose any testimony that was given by [Trevino] with regard to the defendant having been in jail. You are to totally disregard that testimony."

In analyzing whether it was an abuse of discretion to deny the motion for mistrial we note that (1) Trevino's inadmissible testimony was unlikely to have had an important prejudicial effect on the jury and was not emphasized by the State; (2) Trevino's testimony is presumed to have been cured by the trial court's proper and specific instruction to disregard the testimony that Sanchez had been in jail; and (3) in the context of all the evidence presented at Sanchez's trial, there was a sufficient basis for the jury to convict regardless of the error. *See id.* at 259. Any mention that Sanchez had been in jail was a violation of the motion in limine, but the State did not appear to elicit

the inadmissable testimony. Under these circumstances, we conclude the trial court did not abuse its discretion in denying Sanchez's motion for mistrial. Sanchez's fifth issue is overruled.

### JUROR MISCONDUCT

In his final point of error, Sanchez complains that he was denied a fair and impartial trial because the trial court allowed a juror who spoke to a witness to remain on the jury panel. Article 36.22 of the Texas Code of Criminal Procedure provides: "[n]o person shall be permitted to converse with a juror about the case on trial except in the presence and by the permission of the court." TEX. CODE CRIM. PROC. ANN. art. 36.22 (Vernon 2006). Harm to the accused is presumed when a juror converses with an unauthorized person about the case. *Quinn v. State,* 958 S.W.2d 395, 401 (Tex. Crim. App. 1997). The State may rebut the presumption by showing the case was not discussed and that nothing prejudicial to the accused was said. *Alba v. State*, 905 S.W.2d 581, 587 (Tex. Crim. App. 1995). To determine whether the State rebutted the presumption of harm, we defer to the trial court's determinations concerning historical facts, credibility and demeanor. *Quinn*, 958 S.W.2d at 401.

The juror Sanchez complains of initially revealed her conversation with Assistant Chief Gonzalez in the context of the dismissal of another juror for discussions he had with three police officers about retirement plans and firearms. The State argues that the first juror was dismissed pursuant to an agreement of the parties and that the trial court did not specifically find that Sanchez would be harmed. The juror about whom Sanchez complains on appeal testified that she was waiting for the elevator in the courthouse and saw that Assistant Chief Gonzalez had a patch on his eye so she asked how his eye was. She also testified that speaking to Assistant Chief Gonzalez would not

influence her deliberations and that she could be a fair and impartial juror in the case. The trial court found that the juror's conversation with Assistant Chief Gonzalez was social pleasantry which did not violate the instructions of the court. Because the juror did not discuss the case nor anything prejudicial to Sanchez with Assistant Chief Gonzalez, the presumption of harm was properly rebutted in this case. *See Alba*, 905 S.W.2d at 587. Therefore we overrule Sanchez's sixth point of error.

## CONCLUSION

The judgments of the trial court are affirmed.

Catherine Stone, Justice

DO NOT PUBLISH