

# NUMBER 13-07-436-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ANDRES GOMEZ LONGORIA,                                                                  Appellant,

v.

THE STATE OF TEXAS,                                                                  Appellee.

### On appeal from the 377th District Court
### of Victoria County, Texas

# MEMORANDUM OPINION

**Before Justices Yañez, Garza, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Andres Gomez Longoria, was indicted for the offense of murder. *See*

TEX. PENAL CODE ANN. § 19.02(b)(1) (Vernon 2003). The victim was Savannah Rodriguez,

the mother of appellant's child. Without the benefit of a plea-bargain agreement,[1] appellant pleaded guilty to the offense and requested that a jury assess punishment. After hearing evidence, the jury assessed punishment at ninety-nine years' imprisonment, plus a $10,000 fine. By one issue, appellant argues the State committed reversible error by arguing to the jury that it should rely upon its personal opinion, experience, and knowledge in assessing punishment. We affirm.

## I. Punishment Hearing

After both sides presented evidence on punishment, the State began the opening segment of its closing argument. At that time, the prosecutor made the following complained-of remarks to the jury:

> And he [appellant] calmly walked, as she [the victim] dove into the car as her safe harbor, crying and screaming, and he walked that distance and coldly brought that gun up and shot her right through the arm, a sloppy miss. Another miss, right through her chest, out her breast. And now, she's aspirating in blood. She knows what's going on. She knows what's going to happen to her.
>
> * * * *
>
> I'll tell you, the defense is probably going to play the "911" tape. Besides the whining by the defense, who do you hear at the last, gasping her last breath, asking for help?
>
> * * * *
>
> I'll submit to you—You have reviewed State's Exhibit 78,[2] to see what is maddening, when compared to the testimony of the—of Yolanda Longoria [appellant's mother].

---

[1]On June 22, 2007, the trial judge signed a document entitled "TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL," which certifies that this case "is not a plea-bargain case, and the defendant has the right of appeal[.]"

[2]Jason Turner, a detective with the Victoria Police Department, testified that appellant murdered Savannah Rodriguez on June 25, 2006. The next day, Detective Turner interviewed appellant's mother, Yolanda Longoria. This interview began at 3:07 p.m. (15:07). Detective Turner recorded this interview on a DVD, which was admitted into evidence at the punishment phase as State's Exhibit 78.

I'll tell you, the heart of the truth is consistency.

At 15:22:16, he [appellant] tells his mama, "I gotta do what I gotta do." Something on the stand she denies.

At 15:22:23, Patricia Longoria [appellant's sister-in-law] tried to convince him to turn around.

At 15:23:01, she admits to knowing he had a gun.

At 15:23:50, she, again, says, "he told me he gotta do what he gotta do."

At 15:24:19, she warns the in-laws that he's coming to town.

At 15:25:30, she says Patricia Longoria says he's calm. In possession of his faculties. He knows what he's doing.

At 15:30:52, she admits to violence at the hands of the defendant and Savannah [the victim], but neither had pressed charges. And neither had Savannah.

At 15:32:20, she admits the defendant had thought about suicide and maybe would have been better off, because his case was hopeless.

At 15:37:22, she remembers telling the victim the defendant didn't care about her—still didn't care about her and would never marry her.

At 15:37:47, you hear her tell her, he's heading to Victoria, doing what he had to do.

And he was calm at 15:38:18. He said it in the past, but never did anything. And she denied that on the stand, as well.

At 15:38:46, she admitted, this time, she just had a feeling—

* * * *

If this man gets probation—And that's what community supervision is, "probation." Then, when he gets mad at you or your son or your daughter, is he going to claim passion, instead of premeditation?

I would submit that you need to uphold the law and show this man the same kind of loving passion and do what you're going to do.

Go to verdict form number three. Put life on the line. Put $10,000.00 on the line. And his mother can still visit him and Lucy [Olguin][3] will never see her daughter again. She is confined to the memories of her life and her daughter.

When the State presented the final segment of its closing argument, the prosecutor made this complained-of comment to the jury: "You sentence him to life."

## II. Discussion

In his sole issue, appellant contends the State committed reversible error by arguing to the jury that it should rely upon its personal opinion, experience, and knowledge in setting the punishment in this case. Specifically, appellant contends the State breached the boundaries of final argument and imposed its own sentence on appellant by inappropriately influencing the jury.

Appellant, however, failed to object to the State's arguments to the jury. "To preserve error in prosecutorial argument, a defendant must pursue to an adverse ruling his objections to jury argument." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). "The essential requirement is a timely, specific request that the trial court refuses." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). Even if the error was such that it could not be cured by an instruction to disregard, the defendant must object and request a mistrial to preserve the error. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002).

Here, the record shows that appellant did not object, and thus did not obtain an adverse ruling from the trial court on this issue. Because appellant did not obtain any adverse ruling from the trial court, he has failed to preserve error, if any, on this issue. *See Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) (court held that "a defendant's

---

[3]Lucy Olguin is the victim's mother.

failure to object to a jury argument or a defendant's failure to pursue to an adverse ruling his objection to a jury argument forfeits his right to complain about the argument on appeal").  The issue is overruled.

### III. Conclusion

We affirm the trial court's judgment.

ROSE VELA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and
filed this 18th day of December, 2008.