Concurring opinion issued December 29, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00989-CR

———————————

Joseph Rene
Hernandez, Appellant

V.

The State of Texas, Appellee



 



 

On
Appeal from the 10th District Court

Galveston
County, Texas



Trial Court Case No. 09CR3387

 



 

CONCURRING MEMORANDUM
OPINION

I concur in the judgment.  I do not agree that it is appropriate to
engage in the panel majority’s invited-argument analysis, which was not argued
by the State in the trial court or on appeal, and which is not necessary to
decide the appeal.

In her closing argument, the prosecutor told the jury that
“we spared y’all some of the gory details of what happened.”  Hernandez objected that the prosecutor was
“[a]rguing outside the record of what they could or could not have put
on.”  The trial judge, who had presided
over the entire trial, and who personally observed the closing arguments and
heard the prosecutor’s argument in that context, sustained the objection.  Then, at Hernandez’s request, the trial judge
instructed the jury to “[d]isregard that last statement.”  Such an instruction usually cures any error
arising from improper jury argument.  See, e.g., Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996); Bryant v. State, 340 S.W.3d 1, 13 (Tex.
App.—Houston [1st Dist.] 2010, pet. ref’d).

A mistrial is warranted when a verdict of conviction would
have to be reversed on appeal due to an obvious procedural error.  See
Ladd v. State, 3 S.W.3d 547, 567
(Tex. Crim. App. 1999).  Improper jury
argument does not warrant a mistrial unless an instruction to disregard would
not cure any resulting harm.  See Lucero
v. State, 246 S.W.3d 86, 101 (Tex. Crim. App. 2008).  Harm could arise from jury-argument error
based upon the interplay of several factors, including the severity of the
misconduct, the measures adopted to cure the misconduct, and the certainty of
conviction absent the misconduct.  See Berry v. State, 233 S.W.3d 847,
858–59 (Tex. Crim. App. 2007).  None of
these factors suggest an irreparable harm in this case, when the improper
argument was confined to a single isolated instance, the trial judge
immediately instructed the jury to disregard the statement, and the complainant
personally testified as to all of the elements of the offense.  

The trial court’s denial of a mistrial is reviewed for
abuse of discretion.  See Archie v. State, 221 S.W.3d 695, 699
(Tex. Crim. App. 2007).  The ruling in
this circumstance must be upheld because it was within the zone of reasonable
disagreement.  I would not seek out some
other justification for affirming that is inconsistent with the trial court’s
unchallenged ruling sustaining the objection.

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel consists of Justices Keyes, Higley, and Massengale.

Justice Massengale, concurring in the judgment.

Do not publish.   Tex. R.
App. P. 47.2(b).