COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| CASEY ALLEN NEIDHOLT, | § | No. 08-11-00354-CR |
| Appellant, | § | Appeal from the |
| v. | § | 43rd Judicial District Court |
| THE STATE OF TEXAS, | § | of Parker County, Texas |
| Appellee. | § | (TC# CR11-0277) |
| | § | |

## **O P I N I O N**

Casey Allen Neidholt appeals the trial court's judgment convicting him of the felony offense of delivery of marihuana in an amount more than 1/4th of an ounce but less than five pounds and sentencing him to 15 months' confinement in state jail. In a single issue, Neidholt contends that the trial court abused its discretion by denying his motion for mistrial. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Neidholt's complaint on appeal concerns the testimony of Parker County Deputy Sheriff Luis Montanez, one the undercover police officers involved in purchasing the marihuana from Neidholt. When asked by the prosecutor how he came across Neidholt that day, Deputy Montanez testified, "We just saw him outside, and took an opportunity. Well, we know that he's been in past investigations." Deputy Montanez's comment prompted defense counsel to ask for a

bench conference.  At the bench conference, the following colloquy took place:

> [DEFENSE COUNSEL]:  For purposes of the record, Judge, I think asking this Court – let me back up.   For purposes of the record, as a matter of trial tactic, we're not going to ask the Court to instruct the jury to disregard . . . Montanez' volunteered information about having known . . . Neidholt from prior investigative experience.
> We believe it would call attention to something unnecessarily.  Having said that, because we feel that doing so would be unduly prejudicial to our trial tactic, we would ask the Court to declare a mistrial.
>
> [THE COURT]:  You request for a mistrial is denied.   The next remedy is to give the jury an instruction to disregard.   As I understood what you just said before you requested a mistrial, was that the Defense would not like the Court to do that because it might bring more attention, rather than help the jury, if you will; is that essentially correct?
>
> [DEFENSE COUNSEL]:  That is essentially correct, Your Honor.

## MOTION FOR MISTRIAL

Neidholt argues that the trial court should have granted a mistrial because Deputy Montanez improperly commented on extraneous offenses when he testified that he knew Neidholt from "past investigations."   According to Neidholt, Deputy Montanez's testimony referring to or implying extraneous offenses was incurable.   The State, on the other hand, contends that Neidholt failed to preserve his complaint for appellate review by refusing the trial court's offer to instruct the jury to disregard when such an instruction would have cured Deputy Montanez's improper comment.

### *Standard of Review*

We review the trial court's denial of a motion for mistrial for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex.Crim.App. 2010), *cert. denied*, 131 S.Ct. 3030, 180 L.Ed.2d 846 (2011).   If the trial court's ruling is within the zone of reasonable disagreement, it must be upheld.  *Id*.

2

*Applicable Law*

A mistrial is required only in extreme circumstances where the prejudice is incurable. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex.Crim.App. 2004). Prejudice is incurable when the objectionable material is clearly calculated to inflame the minds of the jury or was of such a damaging character as to suggest it would be impossible to remove the harmful impression from the jurors' minds. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex.Crim.App. 1999); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex.Crim.App. 1998). If, however, the prejudice could have been cured by an instruction to disregard, a trial court does not abuse its discretion in denying a motion for mistrial when, as here, a party moves for mistrial without a preceding objection or request for instruction to disregard. *Young v. State*, 137 S.W.3d 65, 70, 72 (Tex.Crim.App. 2004). An instruction to disregard ordinarily renders testimony referring to or implying extraneous offenses harmless. *Kemp v. State*, 846 S.W.2d 289, 308 (Tex.Crim.App. 1992).

*Discussion*

Neidholt has failed to establish that Deputy Montanez's comment referring to or implying extraneous offenses was so prejudicial that it could not have been cured by an instruction to disregard. Although Neidholt asserts in his brief that Deputy Montanez's comment was harmful and prejudicial, and could not have been cured by an instruction, he does not furnish any legal analysis in support of this assertion. Neidholt cites one single case, but fails to explain how it applies.[1] In other words, Neidholt has not provided a "clear and concise argument for the

---

[1] The case Neidholt cites is *Archie v. State*, 221 S.W.3d 695 (Tex.Crim.App. 2007). There, the Court of Criminal Appeals held that the court of appeals erred not only in reviewing the trial court's denial of a motion for mistrial for harm under TEX.R.APP.P. 44.2(a), but also in concluding that the trial court's instruction to disregard the prosecutor's comment on the defendant's failure to testify did not cure the prejudicial effect of the comment. *Id*. at 699-700. In so holding, the Court nevertheless recognized that "whether a mistrial should have been granted involves, most, if not all, of the same considerations that attend a harm analysis." *Id*. at 700, *citing Hawkins*, 135 S.W.3d at 77. Applying the three-factor test articulated in *Mosley v. State*, 983 S.W.2d 249 (Tex.Crim.App. 1998), the Court concluded that

3

contentions made, with appropriate citations to authorities . . . ." *See* TEX.R.APP.P. 38.1(i). By failing to explain how Deputy Montanez's comment was incurable, Neidholt has inadequately briefed his issue and, since we have no independent duty to make his arguments for him, presents nothing for our review. *Lucio v. State*, 351 S.W.3d 878, 896 (Tex.Crim.App. 2011); *see Busby v. State*, 253 S.W.3d 661, 673 (Tex.Crim.App. 2008)(affirming that court of criminal appeals has no obligation "to construct and compose" a party's "issues, facts, and arguments with appropriate citations to authorities and to the record")[Internal quotes omitted]; *Cardenas v. State*, 30 S.W.3d 384, 393-94 (Tex.Crim.App. 2000)(deciding in a capital case that the defendant's points complaining of the lack of a jury instruction on the voluntariness of the defendant's statements to the police, were inadequately briefed "by neglecting to present argument and authorities" in support of them). Because Neidholt has not shown that an instruction to disregard would not have cured Deputy Montanez's prejudicial comment, the trial court did not abuse its discretion by denying his motion for mistrial. Accordingly, we overrule Neidholt's single issue.

## CONCLUSION

The trial court's judgment is affirmed.


March 6, 2013

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)

---

the prosecutor's improper jury comment did not warrant a mistrial. *Id*. at 700. As noted above, Neidholt offers no analysis regarding the applicability of *Archie* to this case and, as noted below, we have no independent obligation to do so on his behalf.