# NO. 12-13-00130-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD CRAIG SMITH,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 241ST* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Ronald Craig Smith appeals his conviction for driving while intoxicated. In one issue, Appellant challenges the jury argument. We affirm.

## BACKGROUND

Appellant was charged by indictment with driving while intoxicated, a third degree felony. The indictment also included allegations that Appellant had been convicted of two previous felonies. Appellant pleaded "not guilty," and the case proceeded to a jury trial. At the conclusion of the trial, the jury found Appellant guilty of driving while intoxicated as charged in the indictment, and assessed his punishment at life imprisonment. This appeal followed.

## JURY ARGUMENT

In his sole issue, Appellant argues that the trial court abused its discretion by allowing the State to engage in an improper jury argument, i.e., urging the jury to apply parole eligibility to him in rendering their verdict. He contends that he was egregiously harmed by the State's jury argument, and that this court should reverse the judgment as to punishment and remand the case for a new trial. We disagree.

As a prerequisite to presenting a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1(a)(1)(A). Further, the trial court must have ruled on the request, objection, or motion, either expressly or implicitly, or if the trial court refused to rule, the complaining party must have objected to the refusal. *See* TEX. R. APP. P. 33.1(a)(2). In other words, a defendant must both object and pursue the objection to an adverse ruling to preserve error regarding an allegedly improper jury argument. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A defendant's failure to object to a jury argument or pursue to an adverse ruling on his objection to a jury argument forfeits his right to complain about the argument on appeal. *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996).

Appellant complains that the State made improper jury arguments concerning Appellant's eligibility for parole as follows:

| | |
|---|---|
| STATE: | So when you look at – you know, if you go low and go, let's just give him the minimum, then what you're looking at there is he will parole out at 6.25 years. |
| DEFENSE: | I'm going to object to that. He's eligible. That's the date he's eligible. |
| STATE: | I'm sorry. That's correct. |
| COURT: | You going to rephrase that? |
| STATE: | Yes, Your Honor. [The defense attorney] is right. He will be parole eligible in 6.25 years. So that's what the reality of the minimum is. |

Appellant argues further that two pages later in the record, the State continued to discuss Appellant's eligibility for parole as follows:

| | |
|---|---|
| STATE: | So, in essence, you could have somebody that could serve more than [fifteen] years before they're eligible for parole. They may not get it right away, but with good-conduct time, if you're really good, they may become eligible for parole before doing a quarter of the time depending on how they calculate it. |
| DEFENSE: | Your Honor, I'm going to object. That's without any consideration. |
| COURT: | Without any consideration, [State], you got that? |
| STATE: | Yes, Your Honor. So it is – this is something that can be fluid, all right? This is something that can change. But you need to know about it. |

2

Appellant objected to both these statements. In the first argument, the State recognized its misstatement after Appellant objected. Then, after being urged by the trial court, the State corrected its statement regarding Appellant's eligibility for parole. In the second argument, the trial court corrected the State after Appellant's objection. Again, the State recognized its mistake and corrected it. As to both arguments, the trial court effectively sustained Appellant's objections. If the trial court sustains the objection, the defendant must request an instruction to disregard and move for a mistrial. *See Cook v. State*, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993); *Washington v. State*, 127 S.W.3d 111, 115-16 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Here, Appellant did not request an instruction or make any further objection. Because the trial court granted Appellant all the relief he requested and he did not pursue the objection to an adverse ruling, he has failed to preserve his complaints for our review. *See Cook*, 858 S.W2d at 473; *Washington*, 127 S.W.3d at 115-16.

Additionally, Appellant argues that the State continued to discuss his eligibility for parole in the following comment:

> STATE: So a life sentence, what that is going to do right there, that'll ensure that he doesn't become eligible for parole for [fifteen] by statute, unless there's a change, all right? So what you know is this: Under the law that's charged to you today, is that you can ensure and keep him from getting back out on the streets for about [fifteen] years with a life sentence. That's what a life sentence means with regards to parole law.

Appellant pointed out that after the defense's closing argument, the State made the following improper jury argument regarding parole:

> STATE: And let me make this clear with y'all. [The defense attorney] is right. No one can guarantee you he's going to get parole, but he's guaranteed to be eligible for it, okay? Guaranteed to be eligible in a quarter-time or [fifteen] years, whichever comes first.

Appellant did not object to either argument. Because Appellant did not object to either of these statements, he has waived his complaints about them on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A).

We overrule Appellant's sole issue.

3

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered January 31, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2014**

**NO. 12-13-00130-CR**

**RONALD CRAIG SMITH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0045-13)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*