

IN THE
TENTH COURT OF APPEALS

_____

No. 10-13-00261-CR

CUNNING MITCHELL MORGAN,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

_____

From the 272nd District Court
Brazos County, Texas
Trial Court No. 11-06167-CRF-272

MEMORANDUM OPINION

Cunning Mitchell Morgan appeals from his conviction for theft over $20,000 but less than $100,000. TEX. PEN. CODE ANN. § 31.03 (West 2011). The jury found two enhancement paragraphs to be true, and Morgan was sentenced to sixty years in prison. In one issue, Morgan complains that the trial court erred by denying his motion for a mistrial during closing argument based on improper jury argument by the State regarding extraneous offenses for which there was no evidence. Because we find that the trial court did not err by denying his motion, we affirm the judgment of the trial

court.

Morgan was convicted of taking a Nissan Maxima from a used car dealership and then refusing to pay for it. Due to a miscommunication at the dealership, Morgan left the dealership with the Maxima upon the promise of returning with the full cash balance of approximately $37,000 after he had signed the sales contract and left a check for $500 until he could return with the balance. Morgan had provided documentation to the dealership showing that he had been injured in an explosion and received a large financial settlement. Morgan did not return with the balance due and made many excuses in the following days as to why he could not pay and refused to return the vehicle upon request. Morgan cancelled the $500 check and lied to law enforcement about his whereabouts. Morgan told the officer that he would return the vehicle on a certain date and did not. The vehicle was ultimately recovered a few blocks from his residence after a warrant had been issued for his arrest approximately two weeks after the date he had agreed to return the vehicle.

During the guilt-innocence phase, extraneous offense evidence was admitted regarding a Lexus that Morgan had allegedly fraudulently taken from a different dealership using a false address and social security number and claimed that he was receiving a settlement from a chemical explosion. The Lexus was returned during the night some days later with several thousand dollars in damage.

The jury found Morgan guilty of theft for taking the Maxima from the

dealership, and Morgan has not raised any issues from the guilt-innocence phase of the trial. However, Morgan does complain of improper argument during the closing argument of the State in the punishment phase of his trial related to potential offenses for which Morgan had not been convicted and of which no evidence had been presented, which he contends resulted in a greater sentence than he would have received without the improper argument.

In the State's closing argument, the complained-of exchange was as follows:

| STATE: | [Morgan] makes an argument that, hey, he's only been to the pen twice. Those dates on the judgment are all the same. Yeah, take a look at the dates the offense was actually committed on each one of those judgments. The system cannot keep up with all of the offenses that Cunning Morgan is making or Thomas or Clifford Robinson or B. D. Bivins.[1] |
| | |
| | Because if you think that everything Mr. Morgan has done is contained in the pen packs, use your common sense. Think he's been convicted every time? |
| MORGAN: | Judge, I object. He's trying to make an argument that there's [sic] other crimes they have not present [sic] to this jury and use that as evidence against him. |
| TRIAL COURT: | Sustain the objection. |
| MORGAN: | Ask the jury to disregard the comment. |
| TRIAL COURT: | Disregard the last comment. |
| MORGAN: | Move for a mistrial. |

---

[1] The evidence during the punishment phase of the trial showed that these names were aliases of Morgan during his previous crimes.

TRIAL COURT:     Denied.

Initially we note that the State is afforded wide latitude in its jury argument and may draw all reasonable, fair, and legitimate inferences from the evidence. *Allridge v. State*, 762 S.W.2d 146, 156 (Tex. Crim. App. 1988). Nonetheless, the State may not engage in jury argument that invites the jury to speculate whether the defendant has committed other crimes not in evidence. *See Villarreal v. State*, 576 S.W.2d 51, 64 (Tex. Crim. App. 1978) (en banc). The State concedes that the statement was improper.

Because the trial court sustained Morgan's objection and instructed the jury to disregard the prosecutor's statements, the only issue we must decide is whether the trial court abused its discretion when it denied Morgan's motion for a mistrial. *Archie v. State*, 221 S.W.3d 695, 699-700 (Tex. Crim. App. 2007). "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Whether a trial court should have granted a mistrial involves most, if not all, of the same considerations that attend a harm analysis. *Archie*, 221 S.W.3d at 700. As a result, to determine whether a trial court abused its discretion by denying a mistrial, we apply a tailored version of the *Mosley* test. *Id.* (*citing Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998)). Under the tailored *Mosley* test, we are required to balance three factors: (1) the severity of the misconduct or the magnitude of the prejudicial effect, (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction or punishment absent the misconduct.

*Id.*; *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

We cannot conclude the argument was so extreme or manifestly improper as to be beyond cure. The State's argument was otherwise not improper either before or after the complained-of remark. The trial court sustained Morgan's objection to the argument and promptly instructed the jury to disregard the statement. With regard to the certainty of the punishment assessed, we note that although Morgan was sentenced well above the minimum sentence of 25 years, it was also below the maximum sentence of life or 99 years. There was evidence in the record of seven prior felony convictions, some for violent offenses and at the time of trial Morgan was under indictment for the offense regarding the Lexus. In one of his prior convictions, he had attempted to steal a Porsche and in the course of his theft, dragged a salesman approximately a mile. While the salesman was holding onto the car, Morgan tried to throw him off and threatened to kill him. Under the facts of this case and using the factors as set forth in *Mosley*, we conclude the trial court's instruction sufficiently ameliorated any potential harm and the trial court did not abuse its discretion by denying Morgan's motion for a mistrial. Morgan's sole issue is overruled.

*Conclusion*

Having found no reversible error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed May 22, 2014
Do not publish
[CRPM]