# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00386-CR

**Stephen Marquez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-12-0850, HONORABLE R. BRUCE BOYER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Stephen Marquez guilty of three counts of aggravated sexual assault of his stepdaughter and assessed sentences of fifty years in prison for each count, all of which were set to run concurrently. Appellant contends that the trial court erred by allowing the State to bolster the victim's credibility through her mother's testimony about her honesty before the victim's credibility was attacked. We will affirm the judgments.

### STANDARD OF REVIEW

We review the admission of evidence for an abuse of discretion. *Tillman v. State*, 354 S.W.3d 425, 435 (Tex. Crim. App. 2011). "Evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise." Tex. R. Evid. 608(a)(2). The trial court undisputedly admitted the bolstering evidence before the child testified or her credibility was attacked.

A trial court's improper admission of evidence is a nonconstitutional error. *See King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). Thus, an appellate court will reverse a judgment only if the improper admission of evidence affected a substantial right of the appellant. Tex. R. App. P. 44.2(b); *King*, 953 S.W.2d at 271. A substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *King*, 953 S.W.2d at 271. Error that did not influence the jury's verdict or had but a slight effect is harmless error. *Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001). The improper admission of evidence is harmless if the trial record contains other, properly admitted evidence that is probative of the same matter. *See Saldano v. State*, 232 S.W.3d 77, 102 (Tex. Crim. App. 2007). Important factors include the nature of the evidence supporting the verdict and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Bagheri v. State*, 119 S.W.3d 755, 763 (Tex. Crim. App. 2003). The analysis may also include whether the State emphasized the error and whether overwhelming evidence of guilt was present. *Id.*

**BACKGROUND**

Appellant's stepdaughter, "Anna,"[1] told her mother in 2008 that appellant had put his fingers in her vagina two years earlier. Anna testified at trial that he assaulted her seven or eight times on different days. Anna's mother, "Mary" testified that she called appellant to confront him and that he responded by saying "he knew eventually that I was going to find out and that everything she said he did, he did and not to worry about the police or anybody else because he was

---

[1] "Anna" and "Mary" are pseudonyms to shield the identities of the victim and her mother.

going to kill himself for what he had done." Mary testified that appellant then drove out to a lake and attempted to kill himself by slitting his throat. His medical records include reports that he told doctors that he had touched his stepdaughter inappropriately and that he was remorseful.

At trial, appellant denied committing the offenses. He admitted to having been suicidal but attributed that to his belief that his marriage was ending. He also described an incident on a camping trip when Anna asked if he would massage her feet, which was something he had done before. He said that, as he was massaging her feet, he noticed that she put her hand on her private parts over her clothes. He testified that he stopped the massage immediately and told her to go to bed. Thereafter, he said, he did not feel comfortable around Anna. He felt awkward and did not trust her. He testified that, when Mary called him two weeks later, Anna's accusations made him want to die. He did not recall telling hospital personnel that he had touched his stepdaughter inappropriately, but said he might have simply agreed that he committed the offenses because he was confused and medicated because of what he described as false accusations and his failing marriage. He also indicated that Mary had threatened that the only way to save their marriage was to seek counseling for the alleged sex offenses.

Appellant testified that he continued to live with Mary and her daughters periodically after the allegations were made. He said that he filed for divorce in 2010, and only then did Mary obtain a protective order against him. He testified that the divorce proceedings were contentious and that Mary told him that she would leave him penniless and that he would have a hard time explaining why he checked himself into the hospital.

3

**DISCUSSION**

Appellant complains that the court allowed Mary, the State's first witness, to testify over his objection that Anna is "very honest. That's one of her best qualities." He secondarily complains that Melissa Rodriguez, the program director of a children's advocacy center, testified that she knew how to recognize indicators of dishonesty from having conducted over a thousand interviews of children and that she did not see any of those red flags during Anna's interviews.[2]

Assuming without deciding that the admission of Mary's testimony was erroneous, we hold that other evidence to the same effect rendered any error in its admission harmless. Mary said that immediately upon hearing Anna's accusations, she called police and confronted appellant. These actions indicate that she believed Anna—a testament to her belief in Anna's honesty. The admission without objection of testimony about Mary's actions indicating her belief in Anna mitigated any harm in any error in the admission of Mary's directly bolstering testimony. Further, Rodriguez's testimony that she did not see any indications of dishonesty in Anna's statements was admitted without objection as to bolstering. Finally, the testimony concerning appellant's admissions of the offenses lent more credence to Anna's testimony about the assaults than any testimony regarding her general honesty did. Anna's testimony about the specifics of the assaults combined with the medical reports of appellant's admissions provides overwhelming evidence of guilt and rendered harmless any error in allowing Mary to testify that her daughter is honest.

---

[2] Appellant also mentions in his brief that the prosecutor improperly bolstered the victim's credibility during argument by saying, "You heard from multiple people with no motive to lie." This argument does not directly reference the victim's testimony, much less bolster it. More important, the argument was not objected to and does not provide a basis for reversal. *See Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *see* Tex. R. App. P. 33.1.

## CONCLUSION

We affirm the judgments.

_____

Jeff Rose, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   August 26, 2014

Do Not Publish