

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00563-CR

JOSEPH L. HAWKINS                                                           APPELLANT

V.

THE STATE OF TEXAS                                                               STATE

----------

## FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

A jury convicted Appellant Joseph L. Hawkins of aggravated robbery with a deadly weapon, and the trial court, finding the enhancement paragraph true, sentenced him to serve thirty-five years' confinement and to pay a $2,000 fine. In his sole point, Appellant contends that the trial court erred by denying his motion for mistrial after the prosecutor went outside "all acceptable areas of jury argument by urging the jury to shift the burden of proof from the State to the

[1]*See* Tex. R. App. P. 47.4.

defense." Because the complained-of argument was not improper, we affirm the trial court's judgment.

Appellant and another man came into the apartment where Cheryl Jones lived with her daughter Tosha. According to Jones, she, Tosha, and Ivan, one of Jones's three sons, were at the apartment when the two men entered and demanded $10,000 that they claimed Michael, another of Jones's sons, had. Jones testified that Appellant had a firearm.

Tosha testified that the men ransacked the apartment while asking for the money and for her brother Michael. Eventually, the two men left, but not empty-handed. They took with them various items from the apartment, including a Wii game system and Tosha's laptop computer.

Ivan testified that two men came into the apartment, asking, "Where's the money?" Ivan also testified that the men thought Michael lived at the apartment and kept "large amounts of cash on him."

Jones also testified that before she identified Appellant in a photographic lineup at the police station, Michael showed her a picture on MySpace of someone he thought might have been involved in the robbery. The MySpace picture was that of Appellant. Before Tosha identified Appellant in a photo lineup, Michael also showed her a picture of Appellant and told her that he thought the man in the photograph might have been involved in the robbery. Ivan's testimony was similar to that of Tosha. Michael did not testify at trial.

In closing argument, defense counsel stated, "And here's what's interesting is, where is Mike? Why hasn't Mike testified in this trial today if he's

the person that looked this up on MySpace?" Defense counsel also argued, "Where is Michael Taylor? What does he have to hide? We have no burden of proof. Proof beyond a reasonable doubt goes to the State of Texas. Where is Michael Taylor?"

The prosecutor argued in its final closing argument,

The Defense has no burden. They do not have to do anything. But if they wish to have a witness here, they have as much subpoena power as the State does. You saw that with Detective Raynesford who they brought in. If they want someone here, they can bring him here. If they thought Michael had something to contribute, they could bring him in.

You heard from these witnesses what role—

Appellant objected that "[t]hat's outside the record, and also that's an attempt to shift the burden of proof." The trial court sustained the objection and instructed the jury to disregard the statement of the prosecutor. Appellant moved for a mistrial, and the trial court denied the motion. The prosecutor then argued to the jury, "They have subpoena power. They can require it." Appellant did not object to this statement.

Appellant's objection to the jury argument was, and his point on appeal is, two-fold: that the argument was outside the record and that it was an attempt to shift the burden of proof. We uphold the trial court's ruling.

To be permissible, the State's jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable

3

deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.[2]

When a trial court sustains an objection and instructs the jury to disregard but denies a defendant's motion for a mistrial, the issue is whether the trial court abused its discretion by denying the mistrial.[3]  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, that is, "so prejudicial that expenditure of further time and expense would be wasteful and futile," will a mistrial be required.[4]  In determining whether a trial court abused its discretion by denying a mistrial, we balance three factors:  (1) the severity of the misconduct; (2) curative measures; and (3) the certainty of conviction absent the misconduct.[5]

Whether Appellant thought Michael had something to contribute was outside the record.  But the fact that a defendant in a criminal trial has subpoena power is a correct statement of the law and an appropriate response to Appellant's argument.[6]  As the record before us stands, merely informing the jury

---

[2]*Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), *cert. denied*, 510 U.S. 829 (1993); *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).

[3]*Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).

[4]*Id.*; *see also Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004).

[5]*Hawkins*, 135 S.W.3d at 77; *Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh'g), *cert. denied*, 526 U.S. 1070 (1999).

[6]*See Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000).

of the defendant's subpoena power without more is not an attempt to shift the burden of proof onto the shoulders of the defense. The trial court responded to the improper argument that was outside the record by promptly instructing the jury, thereby curing any harm caused by the improper argument.[7] The trial court did not abuse its discretion by denying Appellant's motion for mistrial on this ground.

But Appellant does not explicitly argue that the statement outside the record was so egregious that its harm could not be cured by the instruction to disregard. Instead, Appellant's motion for mistrial and his argument on appeal are predicated on the complaint that the State was attempting to place the burden of proof on him. Because the State's argument was not an attempt to shift the burden of proof, we hold that the trial court also did not abuse its discretion by denying Appellant's motion for mistrial on this ground. We therefore overrule Appellant's sole point and affirm the trial court's judgment.

LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: November 3, 2011

---

[7]*See Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007).