02-10-563-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00563-CR

 

 


 
 
 Joseph L. Hawkins
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 371st
District Court OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

A
jury convicted Appellant Joseph L. Hawkins of aggravated robbery with a deadly
weapon, and the trial court, finding the enhancement paragraph true, sentenced
him to serve thirty-five years’ confinement and to pay a $2,000 fine.  In his
sole point, Appellant contends that the trial court erred by denying his motion
for mistrial after the prosecutor went outside “all acceptable areas of jury
argument by urging the jury to shift the burden of proof from the State to the
defense.”  Because the complained-of argument was not improper, we affirm the
trial court’s judgment.

Appellant
and another man came into the apartment where Cheryl Jones lived with her
daughter Tosha.  According to Jones, she, Tosha, and Ivan, one of Jones’s three
sons, were at the apartment when the two men entered and demanded $10,000 that
they claimed Michael, another of Jones’s sons, had.  Jones testified that
Appellant had a firearm.

Tosha
testified that the men ransacked the apartment while asking for the money and
for her brother Michael.  Eventually, the two men left, but not empty-handed. 
They took with them various items from the apartment, including a Wii game
system and Tosha’s laptop computer.

Ivan
testified that two men came into the apartment, asking, “Where’s the money?” 
Ivan also testified that the men thought Michael lived at the apartment and
kept “large amounts of cash on him.”

Jones
also testified that before she identified Appellant in a photographic lineup at
the police station, Michael showed her a picture on MySpace of someone he
thought might have been involved in the robbery.  The MySpace picture was that
of Appellant.  Before Tosha identified Appellant in a photo lineup, Michael
also showed her a picture of Appellant and told her that he thought the man in
the photograph might have been involved in the robbery.  Ivan’s testimony was
similar to that of Tosha.  Michael did not testify at trial.

In
closing argument, defense counsel stated, “And here’s what’s interesting is,
where is Mike?  Why hasn’t Mike testified in this trial today if he’s the
person that looked this up on MySpace?”  Defense counsel also argued, “Where is
Michael Taylor?  What does he have to hide?  We have no burden of proof.  Proof
beyond a reasonable doubt goes to the State of Texas.  Where is Michael Taylor?”

The
prosecutor argued in its final closing argument,

The Defense has no
burden.  They do not have to do anything.  But if they wish to have a witness
here, they have as much subpoena power as the State does.  You saw that with
Detective Raynesford who they brought in.  If they want someone here, they can
bring him here.  If they thought Michael had something to contribute, they
could bring him in.

You
heard from these witnesses what role—

Appellant
objected that “[t]hat’s outside the record, and also that’s an attempt to shift
the burden of proof.”  The trial court sustained the objection and instructed
the jury to disregard the statement of the prosecutor.  Appellant moved for a
mistrial, and the trial court denied the motion.  The prosecutor then argued to
the jury, “They have subpoena power.  They can require it.”  Appellant did not
object to this statement.

Appellant’s
objection to the jury argument was, and his point on appeal is, two-fold:  that
the argument was outside the record and that it was an attempt to shift the
burden of proof.  We uphold the trial court’s ruling.

To
be permissible, the State’s jury argument must fall within one of the following
four general areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of
opposing counsel; or (4) plea for law enforcement.[2]

When
a trial court sustains an objection and instructs the jury to disregard but
denies a defendant’s motion for a mistrial, the issue is whether the trial
court abused its discretion by denying the mistrial.[3]  Only in extreme
circumstances, when the prejudice caused by the improper argument is incurable,
that is, “so prejudicial that expenditure of further time and expense would be
wasteful and futile,” will a mistrial be required.[4]  In determining whether a
trial court abused its discretion by denying a mistrial, we balance three
factors:  (1) the severity of the misconduct; (2) curative
measures; and (3) the certainty of conviction absent the misconduct.[5]

Whether
Appellant thought Michael had something to contribute was outside the record.  But
the fact that a defendant in a criminal trial has subpoena power is a correct
statement of the law and an appropriate response to Appellant’s argument.[6] 
As the record before us stands, merely informing the jury of the defendant’s
subpoena power without more is not an attempt to shift the burden of proof onto
the shoulders of the defense.  The trial court responded to the improper
argument that was outside the record by promptly instructing the jury, thereby
curing any harm caused by the improper argument.[7]  The trial court did not
abuse its discretion by denying Appellant’s motion for mistrial on this ground.

But Appellant
does not explicitly argue that the statement outside the record was so egregious
that its harm could not be cured by the instruction to disregard.  Instead, Appellant’s
motion for mistrial and his argument on appeal are predicated on the complaint
that the State was attempting to place the burden of proof on him.  Because the
State’s argument was not an attempt to shift the burden of proof, we hold that the
trial court also did not abuse its discretion by denying Appellant’s motion for
mistrial on this ground.  We therefore overrule Appellant’s sole point and
affirm the trial court’s judgment.

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November 3, 2011









[1]See Tex. R. App. P. 47.4.





[2]Felder v. State,
848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992), cert. denied, 510 U.S. 829
(1993); Alejandro v. State, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).





[3]Hawkins v. State,
135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004).





[4]Id.; see also
Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).





[5]Hawkins, 135 S.W.3d
at 77; Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op.
on reh’g), cert. denied, 526 U.S. 1070 (1999).





[6]See Jackson v. State,
17 S.W.3d 664, 674 (Tex. Crim. App. 2000).





[7]See Archie v. State,
221 S.W.3d 695, 700 (Tex. Crim. App. 2007).