**Affirmed and Opinion Filed February 28, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-11-00438-CR

---

**BRANDY LYNN JACKSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F08-30843-R**

---

# MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lang-Miers

A jury convicted appellant Brandy Lynn Jackson of recklessly causing serious bodily injury to a child. In one issue, appellant argues that the trial court erred when it denied appellant's motion for mistrial. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We resolve appellant's issue against her and affirm the trial court's judgment.

## BACKGROUND

Appellant was charged with intentionally and knowingly causing serious bodily injury to a child under 14 years of age by striking and dragging the child and forcing her to the ground with a motor vehicle. *See* Tex. Penal Code Ann. § 22.04 (West Supp. 2012). Appellant pleaded not guilty and her case was tried to a jury. The jury found appellant guilty of recklessly causing serious bodily injury to a child.

Appellant testified during the punishment phase and sought to be placed on probation. On cross examination, the prosecutor and appellant had the following exchange:

> [Prosecutor:] Okay, Ms. Jackson, let's start at the beginning here. You testified—your testimony here in court today is that you were in fact driving the car that struck [complainant] and caused her severe injuries; is that right?
>
> [Appellant:] That is correct.
>
> [Prosecutor:] That's the first time you've ever said that out loud is here today in front of any other people—

Appellant's counsel objected "that is a comment on Ms. Jackson not testifying during guilt or innocence" and "a comment on her Fifth Amendment right to remain silent." The prosecutor responded that she was "referring to other court proceedings." The trial court sustained the objection and asked the prosecutor to limit her questions to specific instances that the prosecutor "want[ed] to talk about so it's not a comment." Appellant's counsel requested an instruction to the jury to disregard the prosecutor's statement. The trial court instructed the jury to "[d]isregard the statement, the question, in so far as it is a comment on the defendant to exercise her Fifth Amendment right." And the court again instructed the prosecutor to "[b]e specific in [her] questions." Appellant's counsel then moved for a mistrial, and the trial court denied the motion.

The prosecutor next asked appellant about her "testi[mony] under oath before regarding these incidents" during "prior proceedings[.]" Appellant admitted that she had variously testified that she was at home asleep when the incident happened, that she was at the house of her boyfriend's mother at the time, that she did not know the location of the house where the offense took place, that she had never been to the street where the house is located, and that she did not know the people involved in the offense. Appellant admitted that she "testified today that [she] did drive the car over there[.]" The jury assessed punishment at twenty years in prison. On appeal, appellant argues that the trial court erred in not granting a mistrial, and requests that we reverse the court's judgment as to punishment and remand for a new punishment hearing.

## STANDARD OF REVIEW

Because the trial court sustained appellant's objection and granted the requested instruction to the jury to disregard the prosecutor's statement, the sole issue we must decide is whether the trial court abused its discretion when it denied appellant's motion for mistrial. *Archie v. State*, 221 S.W.3d 695, 699–700 (Tex. Crim. App. 2007).

Appellant argues that the court erred in denying the motion for mistrial because the prosecutor's statement was an impermissible comment on appellant's failure to testify. But our focus here is not on whether the prosecutor's comment was impermissible; we assume, without deciding, that it was an improper comment on appellant's failure to testify. Rather our analysis concerns whether the court abused its discretion in denying the motion for mistrial. *See Archie*, 221 S.W.3d at 699–700; *Hawkins v. State*, 135 S.W.3d 72, 76–77 (Tex. Crim. App. 2004). Appellant also argues that this case resembles *Snowden v. State*, 353 S.W.3d 815, 817 (Tex. Crim. App. 2011). But in *Snowden*, the issue was whether the trial court had committed a constitutional error under rule of appellate procedure 44.2(a) by overruling appellant's objection

- 3 -

that a prosecutor's argument was a comment on appellant's failure to testify. *Id.* at 817–18; *see* TEX. R. APP. P. 44.2(a). In this case, the trial court sustained appellant's objection and granted appellant's requested instruction to disregard, but denied appellant's motion for mistrial. The harm analysis under rule 44.2(a) does not apply because the issue here is whether the court's refusal to grant a mistrial was an abuse of discretion. *See Archie*, 221 S.W.3d at 699–700.

Whether a trial court should have granted a mistrial involves most, if not all, of the same considerations that attend a harm analysis. *Id.* at 700. We apply a tailored version of the *Mosley* test to determine whether the trial court abused its discretion by denying a mistrial. *Id.*; *Hawkins*, 135 S.W.3d at 77; *see Mosley v. State*, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). Under this tailored *Mosley* test, we are required to balance three factors: (1) the severity of the misconduct (the magnitude of the prejudicial effect), (2) the measures adopted to cure the misconduct, and (3) the certainty of conviction or punishment absent the misconduct. *Archie*, 221 S.W.3d at 700; *Hawkins*, 135 S.W.3d at 77. A mistrial is required only in extreme circumstances when the prejudice is incurable. *Archie*, 221 S.W.3d at 699.

## ANALYSIS

Applying the three *Mosley* factors, and assuming, without deciding, that the prosecutor's comment was an improper comment on appellant's failure to testify, we first analyze the severity of the misconduct. We conclude that any prejudicial effect was not severe. The prosecutor's comment was not a clear reference to appellant's failure to testify in the guilt-innocence phase of the trial. And the prosecutor did not repeat her comment. Additionally, the prosecutor explained that her statement referred to appellant's testimony in other proceedings. After the instruction to disregard, the prosecutor asked appellant numerous questions about her testimony in prior proceedings and the defense did not object to these questions.

-4-

Applying the second *Mosley* factor, the trial court took immediate curative measures: it sustained appellant's objection that the prosecutor's statement was an impermissible comment on appellant's failure to testify and instructed the jury to disregard the comment, specifically stating, "Disregard the statement, the question, in so far as it is a comment on the defendant to exercise her Fifth Amendment right." The court also twice instructed the prosecutor to ask specific questions to avoid impermissibly commenting on appellant's Fifth Amendment rights. *See* *Hawkins*, 135 S.W.3d at 84 (discussing curative measures including trial court's instruction to disregard, court's admonition that prosecutor's statement was improper, prosecutor's apology and retraction, and proper instruction in jury charge); *Weems v. State*, 328 S.W.3d 172, 180 (Tex. App.—Eastland 2010, no pet.) ("Except in the most blatant instances, an instruction to disregard a comment on the defendant's failure to testify will cure any harm caused by the comment.") (citing *Moore v. State*, 999 S.W.2d 385, 405–06 (Tex. Crim. App. 1999)).

Lastly, applying the third *Mosley* factor, the record supports the punishment the jury assessed in the absence of the comment. At trial, numerous witnesses, including complainant, identified appellant as the driver of the car that injured complainant. Although witnesses differed in their description of events preceding appellant's actions, numerous witnesses testified that appellant jumped the curb and accelerated the car as she drove through the front yard of complainant's house where people had congregated. Complainant, her mother, and her attending physician testified to the severity of complainant's injuries and her ongoing pain. The jury found appellant guilty of recklessly causing serious bodily injury to a child, and found that appellant had used or exhibited a deadly weapon—a motor vehicle—in committing the offense.

During the punishment phase, complainant and her mother testified further concerning the extent of complainant's injuries and her ongoing pain and disabilities resulting from her

injuries. Appellant testified that she was the driver of the car. She also testified that she had assaulted an inmate while in Dallas county jail and that she had a previous conviction for misdemeanor assault with bodily injury to which she had pled no contest and for which she was placed on community supervision. The jury assessed the maximum term of twenty-years' imprisonment.

Balancing all three *Mosley* factors, if the prosecutor's comment was impermissible, any prejudice from the comment was isolated and not egregious and the court took various curative actions to prevent harm. In addition, based on the evidence presented, we conclude that the jury would likely have assessed the same punishment absent the prosecutor's comment. *See Archie*, 221 S.W.3d at 700. Under these circumstances, the trial court did not abuse its discretion in denying appellant's motion for mistrial. We resolve appellant's sole issue against her.

## CONCLUSION

We resolve appellant's issue against her and affirm the trial court's judgment.


ELIZABETH LANG-MIERS
JUSTICE

Do Not Publish
Tex. R. App. P. 47

110438F.U05

- 6 -



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

BRANDY LYNN JACKSON, Appellant

No. 05-11-00438-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F08-30843-R.
Opinion delivered by Justice Lang-Miers,
Justices Myers and Lewis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 28th day of February, 2013.

ELIZABETH LANG-MIERS
JUSTICE