## WILLIE FISHER V. THE STATE.

No. 11156.   Delivered November 16, 1927.

Rehearing denied February 8, 1928.

**1.—Murder—Impeaching the Defendant—Proof of Other Offenses—Held Proper.**

Where, on a trial for murder, there was no error in permitting the state to prove by the appellant, who testified in his own behalf, that he had been indicted for murder in 1922. One who takes the witness stand

in his own behalf may be impeached by showing· that he has been indicted or legally charged with a felony.

### 2.—Same—Practice on Appeal.

Where appellant complains in his brief that the District Attorney did not keep an agreement claimed to have been made with appellant to the effect that if he would plead guilty the state would not insist on the death penalty, and no bill of exception presenting the matter is found in the record, and no showing in the record is made of any such agreement, no error appears.

ON REHEARING.

### 3.—Same—Continued.

Under our practice this court will not take cognizance of complaints presented in a motion for rehearing where no objection was made when they transpired on the trial. Such matters will not be considered when complained of for the first time on appeal.

### 4.—Same—New Trial—Properly Refused.

Where, in his motion for a new trial, appellant complains that he was induced by his attorney to plead guilty "under the impression" that if he did plead guilty the District Attorney would not ask for the death penalty. No proof of any such agreement appearing in the record, and the District Attorney having denied under oath that such an agreement was made by him, there was no error in refusing a new trial.

Appeal from the Criminal District Court of Harris County. Tried below before the Hon. Whit Boyd, Judge.

Appeal from a conviction of murder, penalty assessed at death.

The opinion states the case.

*W. A. Rowe* of Houston, for appellant.

*O'Brien Stevens,* Assistant Criminal District Attorney of Harris County; *A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder, punishment death.

Appellant pleaded guilty. The state introduced testimony sufficiently showing that he stabbed and killed· his wife. The proceedings surrounding the reception and entry of the plea of guilty appear to have been in conformity with law. There is but one bill of exceptions, which complains of the fact that while appellant was testifying in his own behalf he was asked if he had not been indicted for murder in 1922. There is nothing in the objection. One who takes the witness stand in his own behalf becomes thereby subject to every attack upon his credibility to which any other witness may be subjected. Proof that one has been indicted or legally charged with a felony is held by us to be a proper attack upon the credibility of a witness.

Appellant complains in his brief and his oral argument of the fact that the District Attorney did not keep an agreement claimed to have been made with appellant to the effect that if he would plead guilty the state's attorney would not insist upon the death penalty. There is no sufficient showing in the record of any such agreement. There was no testimony before the trial court supporting such a proposition. There is no bill of exceptions complaining of anything which would sustain this contention.

We are not in accord with appellant's contention that the evidence does not justify the verdict and judgment. Following quarrels and contentions with his wife on the day of the killing, it appears that appellant came back to his home after a short absence, and in the presence of other people told his wife that he was going to kill her, and told other people present if they interfered he would kill them. There is some testimony to the effect that he was under the influence of liquor. He stabbed his wife in the left breast, the knife entering the heart. In view of the infliction of the extreme penalty of the law, we have examined each question raised, but are of the opinion that no error appears in any of them.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—We find ourselves unable to take cognizance of certain things mentioned in appellant's motion for rehearing because of the fact that no objection was made when they transpired on the trial. While this court has always been liberal in dealing with a record where the death penalty was inflicted, we cannot consider matters such as are here complained of for the first time on appeal.

Appellant's complaint that he was mislead into entering a plea of guilty believing the death penalty would not be insisted upon in nowise raises an issue that the District Attorney had acted improperly. In his motion for new trial appellant only goes far enough to say he was induced by his attorney to plead guilty "under the impression" that if he did plead guilty the state through its Criminal District Attorney would not ask for the death penalty. Appellant's affidavit attached to the motion still further shows that he reached such impression through what his own attorney told him. His attorney nowhere asserts that the District Attorney misled him into advising a plea of guilty. By affidavit the District Attorney positively affirms that

he did not agree to waive the death penalty, but at all times refused to enter into any agreement to do so. The learned trial judge could do nothing but overrule the motion for new trial based upon the record and as a reviewing court we have no option but to sustain the ruling.

The motion for rehearing is overruled.

*Overruled.*