

IN THE
TENTH COURT OF APPEALS

No. 10-12-00202-CR

PEDRO GARCIA, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2011-1920-C2

## MEMORANDUM OPINION

Pedro Garcia, Jr. was convicted of aggravated sexual assault. TEX. PENAL CODE ANN. § 22.021 (West Supp. 2012). The victim, S.W., was under the age of six at the time of the assault. Garcia was sentenced to 57 years in prison. He appeals. In two issues, Garcia contends the trial court abused its discretion in denying two separate motions for mistrial. Because the trial court did not abuse its discretion, the trial court's judgment is affirmed.

**MISTRIAL**

When the trial court sustains the defense's objection, grants the requested instruction to disregard, but denies the motion for mistrial, the proper issue is whether the refusal to grant the mistrial was an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 76-77 (Tex. Crim. App. 2004). In deciding whether to grant a motion for mistrial, however, the trial court effectively conducts an appellate function: determining whether improper conduct is so harmful that the case must be redone. *Id*. at 77. "Only in extreme circumstances, where the prejudice is incurable, will a mistrial be required." *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (quoting *Hawkins*, 135 S.W.3d at 77). A prompt instruction to disregard will ordinarily cure any prejudice associated with an improper question and answer, even one regarding extraneous offenses. *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000).[1] *Accord Marshall v. State*, 210 S.W.3d 618, 628-629 (Tex. Crim. App. 2006); *Young v. State*, 137 S.W.3d 65, 69-70 (Tex. Crim. App. 2004); *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

*Improper Question*

In his first issue, Garcia complains that the trial court abused its discretion in denying a mistrial when it sustained an objection to a question asked by the State in the guilt/innocence phase of the trial. Both Garcia and the State reviewed the potential prejudice of the State's question in light of the factors pronounced in *Mosley v. State*, 983

---

[1] The *Ovalle* opinion viewed the instruction to disregard as a means to cure "error." However, in light of *Hawkins*, we view it as curing "prejudice."

S.W.2d 249, 259 (Tex. Crim. App. 1998). The Court of Criminal Appeals in *Mosley* adopted factors to use to evaluate whether the trial court abused its discretion in denying a motion for mistrial for improper argument during the guilt/innocence phase of a trial. *Id*. 240-259. In *Hawkins*, the Court of Criminal appeals tailored the *Mosley* factors to evaluate the denial of a motion for mistrial resulting from improper argument in the punishment phase of the trial. *Hawkins*, 135 S.W.3d at 77. Because the Court of Criminal Appeals has not adopted the *Mosley/Hawkins* factors in evaluating the denial of a motion for mistrial pursuant to any reason other than improper argument, such as an improper question put forward by the State, we do not use those factors in our review of Garcia's first issue. *Mejias v. State*, 10-11-00168-CR, 2012 Tex. App. LEXIS 5616 (Tex. App.—Waco July 12, 2012, pet. ref'd) (not designated for publication).

Monica Garcia, Garcia's daughter, testified on behalf of her father. Monica stated that she had seen inappropriate sexual behavior by S.W., such as kissing a cousin in a closet and watching an adult video. On cross-examination, she clarified that the kissing incident occurred when S.W. was 8 years old but before her outcry and the video incident occurred after S.W.'s outcry. Monica considered S.W. to be the sexual aggressor in both incidents. Monica then agreed that she did not report either of these incidents to any authority, even after her father was arrested for the sexual assault of S.W.

It was after this exchange that the State asked whether Monica's family had a history of not contacting authorities when there had been sexual abuse, to which Garcia objected. A hearing was held outside the presence of the jury, and the trial court sustained Garcia's objection. Later, the jury was instructed to disregard the last statement or question by the prosecutor, and Garcia's motion for mistrial was denied.

After reviewing the record, we find the prosecutor's question was not so extreme that prejudice, if any, could not be cured by the instruction to disregard. Accordingly, the trial court did not abuse its discretion in denying Garcia's motion for mistrial, and his first issue is overruled.

*Improper Argument*

In his second issue, Garcia contends the trial court abused its discretion in denying his motion for mistrial after an objection to a comment made by the State in its argument at the punishment phase of the trial was sustained. To review the denial of a motion for mistrial in response to improper argument in the punishment phase of a non-capital case, we apply the *Mosley* test as it has been tailored for punishment proceedings. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). Thus, we balance three factors: (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of the punishment assessed absent the misconduct (likelihood of the same punishment being assessed). *Id.*

During closing argument in the punishment phase, the State commented that Garcia liked to play with the children of the family and that "[w]e know these are children in a family that has repeatedly failed to report sexual abuse." Garcia objected to this statement, and the trial court promptly sustained the objection. Garcia then requested an instruction to disregard which was given by the trial court. His motion for a mistrial, however, was denied.

Both S.W.'s mother and father, Brandy and Pedro (who is Garcia's son), testified at the punishment phase that they did not believe that the remainder of the Garcia family would keep Garcia away from children if he were ever out of prison. Pedro even testified, without objection, that there had been sexual abuse in the past in his family that had not been reported to the police. Thus, the prosecutor's argument appears to be based on the evidence presented at the punishment phase of the trial.

For the purpose of addressing the issue raised, we will, however, assume without deciding that the argument was improper and conduct an error analysis of the trial court's decision to deny Garcia's motion for mistrial. The prejudicial effect of the prosecutor's statement, if any, was minimal. Further, the trial court promptly instructed the jury to disregard the comment of the prosecutor. And there was nothing to suggest this was the type of comment which an instruction would not cure. Moreover, Garcia had been convicted four times in the past for drug related offenses, and the longest sentence he received for one of those offenses was 10 years in prison.

The punishment range for the aggravated sexual assault was 25 years to life in prison. The State asked for a verdict of life in prison, but the jury assessed punishment at 57 years in prison. Thus, it was likely that Garcia would have been assessed the same punishment even without the prosecutor's comment.

In balancing the *Mosely/Hawkins* factors, we find the trial court did not abuse its discretion in denying Garcia's motion for mistrial. His second issue is overruled.

CONCLUSION

Having overruled each of Garcia's issues on appeal, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed July 11, 2013
Do not publish
[CRPM]