**Opinion issued March 15, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00089-CR

————————————

**RICARDO GUTIERREZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1467247**

## MEMORANDUM OPINION

Appellant, Ricardo Gutierrez, pleaded guilty to the second-degree felony offense of indecency with a child by contact without an agreed recommendation

from the State on punishment.[1]  After the preparation of a presentence investigation report, the trial court assessed appellant's punishment at eighteen years' confinement.  In one issue, appellant contends that the State made an improper argument at the sentencing hearing by referring to appellant's behavior toward the complainant as "grooming" when no expert testimony on grooming was entered into evidence at the hearing.

We affirm.

## Background

N.E. and appellant were in a relationship for over four years and had a young daughter together.  N.E. also had two older children from a previous relationship, including the complainant, A.P., who was eight years old at the time of the underlying events in this case.

In 2014, A.P.'s biological father contacted N.E. and told her that he had found pornography on A.P.'s tablet computer.  N.E. asked A.P. who showed her that material and how to put it on her tablet.  Appellant was also present during this conversation.  N.E. told A.P., "[Y]ou need to tell me.  We're not going anywhere," and she noticed that A.P. was looking at appellant "with this look of disgust."  N.E. questioned A.P. about why she was looking at appellant in that way, and A.P. stated

---

[1]     *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (West Supp. 2017).

that appellant made her watch pornography on his cell phone. N.E. forced appellant out of the house and immediately called the police.

During her forensic interview, A.P. disclosed that appellant would force her to watch pornographic videos on his cell phone and that he would touch her vagina and force her to touch his penis while they watched the videos. Appellant initially denied the allegations, suggesting that N.E. had coached A.P. into making false accusations, but he ultimately pleaded guilty to the offense of indecency with a child by contact. The trial court accepted appellant's guilty plea and ordered the preparation of a presentence investigation report prior to the sentencing hearing.

A.P. briefly testified at the sentencing hearing, and N.E. testified concerning her relationship with appellant, how she learned about appellant's abuse of A.P., and the impact his actions had had on her family. Appellant's eighteen-year-old niece, P.T., testified that she had been molested by appellant in 2012, when she was fourteen years old, and that she had disclosed this incident to her mother in 2016 after she heard appellant talking about the charge involving A.P. and asserting that N.E. "was making [A.P.] say" false accusations against him. A.P., N.E., and P.T. were the only witnesses who testified on behalf of the State at the sentencing hearing. Appellant's mother, Frances Gutierrez, testified on his behalf and requested that appellant receive community supervision.

During argument, defense counsel argued that community supervision was an appropriate punishment for appellant. The State made the following argument:

> The forced introduction to [A.P.] of pornography by the defendant was not—by this defendant was not a harmless act. It was not done without forethought. It was not done without intent. Rather [he] very much intended to numb his stepdaughter's mind to the things that he wanted to do to her and things that he wanted her to do to him, to arouse and gratify his sexual desire.
>
> It was for the purpose of grooming both—both grooming her for future abuse and molestation as well as corrupt and twisted pleasure for the present abuse that happened at that time.

Defense counsel did not object to this argument or request any curative measures.

The trial court assessed appellant's punishment at eighteen years' confinement. This appeal followed.

## Improper Argument

In his sole issue, appellant contends that the State made an improper argument at the sentencing hearing because it referenced appellant's "grooming" of A.P., but no expert testimony concerning grooming had been introduced into evidence at the hearing.

### A. *Preservation of Error*

Proper closing argument generally falls within one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answers to argument of opposing counsel; and (4) pleas for law enforcement. *Brown v. State*, 270 S.W.3d 564, 570 (Tex. Crim. App. 2008). "[E]rror exists when

4

facts not supported by the record are interjected in the argument, but such error is not reversible unless, in light of the record, the argument is extreme or manifestly improper." *Id.* (citing *Allridge v. State*, 762 S.W.2d 146, 155 (Tex. Crim. App. 1988)).

The Court of Criminal Appeals has held that a defendant "must pursue to an adverse ruling his objections" to closing argument. *Mathis v. State*, 67 S.W.3d 918, 927 (Tex. Crim. App. 2002); *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). Even if a prosecutor's statement during argument cannot be cured by an instruction to disregard, the defendant is required to "object and request a mistrial" to preserve error. *Mathis*, 67 S.W.3d at 927; *Cockrell v. State*, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996) ("Before a defendant will be permitted to complain on appeal about an erroneous jury argument or that an instruction to disregard could not have cured an erroneous jury argument, he will have to show he objected and pursued his objection to an adverse ruling."); *see also Estrada v. State*, 313 S.W.3d 274, 303 (Tex. Crim. App. 2010) (stating that if prosecutor's argument was so egregious that no instruction to disregard could have cured harm, defendant should have moved for mistrial to preserve error). A defendant's failure to object to an improper argument and pursue that objection to an adverse ruling thus forfeits the

5

defendant's right to complain about the error on appeal.[2] *See Mathis*, 67 S.W.3d at 927; *see also* TEX. R. APP. P. 33.1(a) (providing that, to preserve complaint for appellate review, complaint must be made to trial court by timely request, objection, or motion that states ground for ruling sought with sufficient specificity to make trial court aware of complaint); *Threadgill v. State*, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004) (holding that because defendant failed to object to jury argument, he forfeited right to raise issue on appeal).

## B.    *Analysis*

During closing argument at appellant's sentencing hearing, the State argued as follows:

> The forced introduction to [A.P.] of pornography by the defendant was not—by this defendant was not a harmless act. It was not done without forethought. It was not done without intent. Rather [he] very much intended to numb his stepdaughter's mind to the things that he wanted to do to her and things that he wanted her to do to him, to arouse and gratify his sexual desire.
>
> It was for the purpose of grooming both—both grooming her for future abuse and molestation as well as corrupt and twisted pleasure for the present abuse that happened at that time.

---

[2]    The Court of Criminal Appeals recently reaffirmed this holding in *Hernandez v. State*, — S.W.3d —, No. PD-1389-16, 2018 WL 357612, at *3 (Tex. Crim. App. Jan. 10, 2018) ("Even incurably improper jury argument is forfeitable. Because defense counsel did not pursue his objection to an adverse ruling, the court of appeals should not have entertained his complaint about the prosecutor's argument.").

Defense counsel did not object to this argument, nor did he request an instruction to disregard or move for a mistrial.

On appeal, appellant argues that the prosecutor "improperly inserted expert opinion evidence, not otherwise into evidence, before the court during its closing argument," pointing out that no expert witness testified concerning grooming at the sentencing hearing and that the presentence investigation report also contained no reference to grooming. Appellant acknowledges that defense counsel did not object to the statement, but he argues that "the misconduct was extremely severe" and therefore this Court should consider his argument on the merits.

The Court of Criminal Appeals, however, addressed a similar argument in *Estrada*, in which defense counsel did not object to the prosecutor's allegedly improper argument at trial but instead argued on appeal that the argument was "so egregious that no instruction to disregard could possibly [have] cure[d] the harm" from the statements. *See* 313 S.W.3d at 303. The Court held that if the argument was so egregious that the harm stemming from the statements could not be cured by an instruction to disregard, the defendant should have moved for a mistrial to preserve the error. *Id.*

We hold that because appellant did not object to the allegedly improper argument and pursue his objection to an adverse ruling, appellant has failed to preserve his complaint concerning the argument for appellate review. *See id.*;

7

*Threadgill*, 146 S.W.3d at 670; *Mathis*, 67 S.W.3d at 927; *Cockrell*, 933 S.W.2d at 89.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Brown, and Lloyd.

Do not publish.  TEX. R. APP. P. 47.2(b).