Opinion issued December 11, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————————

## NO. 01-17-00596-CR

———————————————

**FELIX LINDSEY ALLEN II, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 10th District Court**
**Galveston County, Texas**
**Trial Court Case No. 16CR0292**

---

## MEMORANDUM OPINION

Following his jury trial and conviction for indecency with a child, appellant Felix Lindsey Allen, II, argues that the trial court gave the State an unfair advantage when it refused to order the disclosure of prospective jurors' criminal histories. Allen also challenges the sufficiency of the evidence to support his conviction. And he argues last that the trial court abused its discretion by denying

his motion for a mistrial. Because we conclude that Allen failed to preserve his challenge regarding the prospective jurors' criminal histories, the evidence was legally sufficient, and the trial court did not abuse its discretion by denying his request for a mistrial, we affirm.

## Background

The State charged Allen with two counts of indecency with a child based on two allegations of sexual contact with his girlfriend's granddaughter, L.J. At the time of the alleged incidents, L.J. was under ten years old. The first allegation reportedly occurred in October 2015 during a gathering at the grandmother's house. Allen was sitting on the porch intoxicated when L.J.'s mother allegedly saw him holding L.J. and reaching for her vagina with his index finger and thumb. Allen claimed that this allegation was a lie. According to Allen, L.J. would repeatedly tell him, "If you touch me, I'm going to tell my mama you tried to touch my privates." The jury found Allen not guilty of indecency with a child based on this allegation.

The second allegation reportedly occurred in January 2016 and also took place at the grandmother's house. While L.J., her little brother, and a number of other children were playing outside after school, Allen allegedly picked up L.J., brought her inside, threw her on the couch, and touched her vagina with his hand.

2

According to one of the children who was there, L.J.'s little brother unsuccessfully tried to stop Allen by yelling at him and telling him to put her down. The little brother claimed to have witnessed Allen touch L.J.'s "middle part." L.J. later said that Allen touched her vagina and stuck his tongue in her mouth during the incident. The jury found Allen guilty of indecency with a child based on this allegation.

Allen appeals.

**Analysis**

Allen raises three issues on appeal. He argues that during the jury-selection process, the trial court erred by refusing to order the State to disclose prospective jurors' criminal histories. Allen also argues that the evidence was legally insufficient to support his conviction for indecency with a child. Last, he argues that the trial court abused its discretion by denying his request for a mistrial following the grandmother's testimony that she believed L.J.

## I.    Prospective jurors' criminal histories

Allen argues that the trial court committed reversible error by not ordering the State to turn over information regarding the criminal histories of prospective jurors. He maintains that the trial court's refusal gave the State an "unfair advantage" and deprived him of due process and his rights under the Sixth

Amendment. The State argues that Allen failed to preserve the issue for appeal. We agree with the State.

An issue is preserved for appeal if the complaining party made a timely trial objection that specifically stated the grounds for the objection. *See Douds v. State*, 472 S.W.3d 670, 674 (Tex. Crim. App. 2015). "The objection must merely be sufficiently clear to provide the trial judge and opposing counsel an opportunity to address and, if necessary, correct the purported error." *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009). If an appellate argument does not comport with a trial objection, error has not been preserved. *Goff v. State*, 931 S.W.2d 537, 551 (Tex. Crim. App. 1996).

Allen's objection in the trial court concerning the State's access to the prospective jurors' criminal histories does not comport with his constitutional argument on appeal. Allen's attorney argued to the trial court that if the State has access to the prospective jurors' criminal histories "and they're using it," it is "only fair that they provide it to the Defense." When the prosecutor responded that the State was not permitted to share the information under article 39.14 of the Code of Criminal Procedure, Allen's attorney responded, "That's not true. I got it in a capital murder case in the 212th from Bill Reed in my last trial. So, I don't know why they're saying it's not permitted. I just received it." Allen never mentioned a

due-process violation or a violation of his Sixth Amendment rights in the trial court. He has therefore failed to preserve his first issue for appeal; accordingly, we overrule it.

## II. Sufficiency of the evidence

Allen argues that the evidence presented at trial was legally insufficient to prove indecency with a child by sexual contact. This court reviews the legal sufficiency of evidence by viewing all evidence in light most favorable to the verdict and asking whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Ross v. State*, 543 S.W.3d 227, 234 (Tex. Crim. App. 2018). Allen was charged with indecency with a child under Penal Code Section 21.11(a)(1). A person commits that crime by engaging in sexual contact with a child younger than seventeen years of age. TEX. PENAL CODE § 21.11(a)(1).

Allen contends that the evidence was legally insufficient because "the alleged contact did not involve the removal of clothes" and because L.J.'s brother, a witness who testified to seeing Allen touch L.J., "would not have been able to see" his hands touch L.J. from his vantage point. Both arguments are unavailing. The statutory definition of "sexual contact" explicitly contemplates "touching through clothing." *Id.* § 21.11(c)(1). We therefore reject Allen's argument that the

5

evidence was legally insufficient because the allegations did not involve his removing L.J.'s clothes. Whether L.J.'s brother could have seen Allen's hands touch L.J. from where he was standing was a disputed fact. Both sides presented evidence on the topic. The jury was free to believe all or part of the evidence, and on a legal sufficiency review, we presume the jury resolved all fact issues in favor of the verdict—including whether the witness was able to see Allen sexually contact L.J. *See Zuniga v. State*, 551 S.W.3d 729, 733 (Tex. Crim. App. 2018). Accordingly, we reject Allen's last argument for why the evidence was legally insufficient.

In light of L.J.'s testimony concerning Allen touching her vagina, which was corroborated by her brother's testimony, we conclude that a rational factfinder could find Allen guilty of the charged offense. We therefore overrule Allen's challenge to the sufficiency of the evidence.

## III.    Motion for mistrial

Finally, Allen argues that the trial court improperly denied his motion for mistrial. In answering the prosecutor's question regarding her encounter with Allen after learning of the alleged abuse, the grandmother stated, "I just asked him did he do it? He say, no, he didn't do it. So, I believe my granddaughter before I believe . . . ." The grandmother was cut off by Allen's objection that this testimony

6

improperly bolstered the complainant's credibility. The trial court sustained the objection and instructed the jury to disregard the grandmother's statement. Allen then moved for a mistrial. After a brief discussion with the parties at the bench, the trial court denied Allen's request.

This court reviews a trial court's determination of whether an error warrants a mistrial for an abuse of discretion. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is appropriate when an error generates harm or unfair prejudice that is otherwise incurable. *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). In determining whether a trial court abused its discretion, this court balances the severity of the error or magnitude of the prejudicial effect, the measures adopted to cure the misconduct, and the certainty of conviction absent the error. *See Archie v. State*, 340 S.W.3d 734, 739 (Tex. Crim. App. 2011). A trial court's prompt curative instruction is usually enough to eliminate prejudice and avoid the need for a mistrial. *Gonzalez v. State*, 455 S.W.3d 198, 206 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd).

Allen contends that a mistrial was necessary because the grandmother testified that she would believe her granddaughter before she would believe him and thereby unfairly prejudiced the jury against him. Direct opinion testimony as to the truthfulness of another witness is generally inadmissible because the testimony

attempts to supplant the factfinding function. *Yount v. State*, 872 S.W.2d 706, 709–10, 712 (Tex. Crim. App. 1993). It is for the jury alone to decide whether an individual is credible. *Zuniga*, 551 S.W.3d at 733. Without explanation, Allen contends that the jury assigned great weight to the grandmother's opinion and was unable to ignore the evidence. We disagree.

The trial judge reasonably could have concluded that the level of unfair prejudice was minimal. The grandmother made the statement only by going beyond the scope of the question asked by the prosecutor. She was unable to finish her statement before Allen objected to the testimony and the trial court instructed the jury to disregard the statement. *See Archie v. State*, 221 S.W.3d 695, 700 (Tex. Crim. App. 2007) (noting that prejudicial conduct was "brief" and swiftly followed by curative instruction in affirming trial court's refusal to grant mistrial). The State did not mention the grandmother's response in its closing argument. Beyond this one instance, the grandmother's stated opinion was never discussed again.

The facts alleged in this case were that Allen touched L.J.'s vagina. L.J.'s testimony supported that allegation and was corroborated by her little brother's testimony. Under these circumstances, the trial court reasonably could have concluded that its instruction minimized the risk of unfair prejudice, and we conclude, based on the record, that it is unlikely the jury would have reached a

different result had the grandmother not testified that she believed her granddaughter. *See Archie*, 340 S.W.3d at 742. Accordingly, we overrule Allen's challenge to the trial court's refusal to grant a mistrial.

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).