

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-21-00120-CR

EARNEST LEE MILES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 20-0111X

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Chief Justice Morriss

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

On July 19, 2021, Earnest Lee Miles, Jr., pled guilty to and was convicted of murder. The jury assessed his punishment at seventy years' imprisonment. In his sole issue on appeal, Miles contends that the trial court erred by refusing to declare a mistrial after the mother of the deceased had an "emotional outburst" in the presence of the jury. We modify the trial court's nunc pro tunc judgment to the correct date of imposition of Miles's sentence and affirm the judgment of conviction, as modified.[1]

*(1)    Denying Miles's Motion for Mistrial Was Not an Abuse of Discretion*

We review denial of a mistrial for an abuse of discretion and must affirm if we find the ruling to be within the zone of reasonable disagreement. *Hollaway v. State*, 446 S.W.3d 847, 855 (Tex. App.—Texarkana 2014, no pet.) (quoting *Brooks v. State*, 420 S.W.3d 337, 340 (Tex. App.—Texarkana 2014, no pet.) (citing *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010))).

"An instruction to disregard attempts to cure any harm or prejudice resulting from events that have already occurred." *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004). When prejudice can be cured, an instruction to disregard eliminates the need for a mistrial and conserves resources consumed by restarting trial. *Id.* A type of event that requires a mistrial occurs less frequently than correcting the harm with a sustained objection or an instruction to disregard. *Id.* Therefore, mistrial is required of a trial court only if "an objection could not have prevented, and an instruction to disregard could not cure, the prejudice stemming from an event

---

[1]Miles filed a motion for new trial, which was denied by operation of law.

at trial." *Id.*; *see Hollaway*, 446 S.W.3d at 855 (quoting *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007) (quoting *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004))). In reviewing the need for a mistrial, we consider the nature of the error, the persistence of the prosecution in committing or causing the error, the flagrancy of the violation, the instruction given by the trial court, and the weight of the incriminating evidence. *Waldo v. State*, 746 S.W.2d 750, 754 (Tex. Crim. App. 1988).

In this case, the relevant portion of the record is as follows:

[Defense Counsel]: Earlier this morning, you instructed that there were going to be graphic photos, and if they could not handle the graphic nature, they needed to vacate the courtroom because you were not going to have any type of outbursts. That was the instruction given this morning.

This afternoon with the first autopsy photo, before it was posted, Ms. Hood -- I'm not blaming the prosecution. I want the record clear on that. Ms. Hood went and talked to the family and said there are fixing to be graphic photos.

The very first photo that went up, at that moment the mother [witness] of the decedent started wailing, wailing as she exited the door, and you could continue to hear her wail all the way down the hall, and it was not a whimper. It was an out -- you could hear it. It was loud. The jury heard it.

At that point, Miles asked the trial court for a mistrial, stating, "[B]ecause as we all say, once the skunk is in the jury box, you cannot remove the odor." The trial court refused to order a mistrial, but pursuant to Miles's request, it admonished the jury to disregard the witness's earlier outburst.

Miles contends that the trial court abused its discretion because the outburst from the victim's mother was incurable and required a mistrial. In support of his contention, Miles directs us to *Stahl v. State*, 749 S.W.2d 826 (Tex. Crim. App. 1988). Unlike in the present case, in *Stahl*, prosecutorial misconduct was identified in connection with an emotional outburst by a witness. *Id.* at 831. Before the State called the deceased's mother as a witness, the court

3

cautioned her against any emotional outburst and asked for some assurance that she could identify her son's photograph without showing emotion. *Id.* at 828. The witness told the court that she would try but that she was not certain as to how she would respond. After she was shown her son's photograph, the witness responded, "Oh, my God." The State then asked her if she could identify the photograph, to which she answered, "Oh, my God. My baby. My God." *Id.* At that point, defense counsel asked the court to send the jurors into the jury room. Before that was achieved, however, the witness stated, "May he rest in hell. May he burn in hell. Oh, my baby." *Id.*

The defendant then requested a mistrial, arguing that the prosecutor had planned the entire outburst. *Id.* The Texas Court of Criminal Appeals noted that, although the record did not show whether the State intended to cause the outburst or whether it was merely indifferent to the risk, the State exacerbated the effect on the jury. *Id.* at 830. Despite the trial court's admonishment, the State referred to the deceased's mother three times in its closing arguments. Considering the State's repeated statements in closing arguments in a deliberate violation of the court's admonishment, the Texas Court of Criminal Appeals held that the State's conduct amounted to misconduct. *Id.* at 831.

This facts of this case are easily distinguishable from *Stahl*. First, the deceased's mother, other than her display of raw emotions, did not make any verbal comment for the jury to hear, she did not directly address Miles, and she voluntarily removed herself from the courtroom as soon as she realized that she was conducting herself in an inappropriate manner. Nothing suggests that the State orchestrated the outburst, and this conclusion is supported by defense

4

counsel's statement that the State was not to blame. Moreover, at Miles's request, the trial court immediately admonished the jury to disregard the outburst. We must presume that the jury obeyed the trial court's instruction to disregard. *State v. Harrison*, 97 S.W.3d 810, 817 (Tex. App.—Texarkana 2003, no pet.). Finally, the record contains nothing suggesting that any inflammatory effect flowed from the outburst. Accordingly, we find that the trial court did not abuse its discretion when it denied Miles's motion for mistrial.

We overrule Miles's sole point of error.

*(2)    The Judgment Should Be Modified*

The nunc pro tunc judgment of conviction in this case recites that Miles's sentence was imposed July 26, 2021. Yet, the record reflects that his sentence was imposed July 20, 2021. This Court has the power to correct and modify the judgment for accuracy when the necessary data and information are part of the record. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). "The authority of an appellate court to reform incorrect judgments is not dependent on the request of the party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Asberry*, 813 S.W.2d at 529–30. Because the date of imposition of Miles's sentence was July 20, 2021, not July 26, 2021, we modify the nunc pro tunc judgment of conviction to show the correct date.

We modify the nunc pro tunc judgment of conviction to reflect the correct date of imposition of sentence as July 20, 2021. We affirm the trial court's nunc pro tunc judgment of conviction, as so modified.

Josh R. Morriss, III
Chief Justice

Date Submitted:     February 23, 2022
Date Decided:       March 22, 2022

Do Not Publish