

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00202-CR
_____

ROBERT WAYNE UPTON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court No. 1591914D

---

Before Sudderth, C.J.; Wallach and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Robert Wayne Upton was convicted by a jury of assault of a family member (enhanced with a prior conviction) and sentenced to fifteen years in prison. Upton appeals his conviction, claiming that the trial court erred by denying his request for a mistrial. We affirm.

## II. BACKGROUND

Upton started dating Sonia in 2010 when they were both married to other people. Eventually, both of them got divorced and their relationship became more serious. After the two moved in together, Upton became more controlling. He constantly wanted to know where Sonia was, he did not like her to do anything with other people, and he disapproved of her friends and family. Upton also went through her phone and work-related emails and somehow lost $300,000 of Sonia's money due to failed business ventures and dishonest schemes.

Violence began in 2013. Upset that Sonia would not meet him at a bar, Upton broke into their home (where Sonia had barricaded herself), dragged Sonia by the hair, hit her, slammed her face into the floor, and choked her. Later, during a trip to the Virgin Islands, Upton punched her in the stomach—several times. She flew home in agony only to find out in an emergency room on her return that she had suffered a broken rib, punctured spleen, and internal bleeding.

The subject incident occurred in April 2019, on a day when Sonia and Upton attended the Fort Worth Arts Festival. To avoid the long lines at the women's restroom, Sonia decided to use the men's facility. This enraged Upton, and he berated Sonia as they got in the car to leave. Sonia's refusal to react made him even angrier, so he punched her in the head. This continued, and Sonia tried to defend herself—going so far as to try to jump out of the moving car. Upton prevented her from doing so, telling Sonia, "You're going to die tonight, Bitch." Sonia fought back, and Upton eventually pulled the car over.

Sonia was able to get out of the car as Upton continued to curse at her, ordering her to get back in. She stayed on the ground, screaming for help, until she saw a man on a bike and begged for his help. Another cyclist saw her and dialed 911. The police and an ambulance arrived at the same time.

Sonia suffered a broken nose, black and swollen eyes, contusions, and bite marks all over her body. Her face hurt continually, she could not sleep, and she had a constant headache. The police officer who arrived at the scene described Sonia as covered in blood and had a left eye that was swollen shut. Upton was arrested.

Upton testified and claimed that he acted in self-defense. According to Upton:

- The pair got into an argument at the arts festival which resulted in Sonia punching Upton in the nose.

- When they got to the car, Sonia started yelling at Upton about money and his infidelity.

- Sonia again began punching Upton, who pulled out his phone and tried to dial 911.

- Sonia kicked the phone out of his hand and started kicking him.

- Upton grabbed Sonia's leg and bit it. He was trying to hold her down when Sonia bit Upton's pinky finger.

- Upton—who was still driving—had to pull over to get Sonia to release his finger.

- Upton said he head-butted Sonia (in response to her biting his finger) which apparently resulted in her broken nose.

## III.  THE TRIAL COURT DID NOT ABUSE ITS DISCRETION BY DENYING UPTON'S EXTRANEOUS-OFFENSE-RELATED MISTRIAL REQUEST

On appeal, Upton complains that the trial court wrongly denied his request for a mistrial after the State questioned him about a pending assault case in Collin County. Because any potentially adverse answer was admissible, we hold that the trial court did not abuse its discretion in denying a mistrial.

### A.  UPTON'S MISTRIAL REQUEST

During cross-examination, the State asked Upton several questions about women he had slept with while he was in a relationship with Sonia. The last question in this series concluded with a woman named Joanne. The prosecutor then asked: "So after you were arrested for [the assault on Sonia], then you assault Joanne and have a pending case in Denton County for-—Collin County for beating her up, correct?" Defense counsel immediately objected, and the trial court sustained that

4

objection. Counsel then asked the court to instruct the jury to disregard. After a bench conference concerning the admissibility of a prior unadjudicated assault against Joanne—and the trial court's refusal to admit that evidence—defense counsel again requested an instruction to disregard. The trial court so instructed the jury, but it denied counsel's subsequent request for a mistrial. Upton now complains that the trial court's denial of his mistrial request was in error.

## B. STANDARD OF REVIEW

We review the denial of a motion for mistrial for an abuse of discretion. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App.2009). A mistrial is appropriate only when the record reveals highly prejudicial and incurable error. *Simpson v. State*, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003). The court of criminal appeals has recognized that "[o]rdinarily, a prompt instruction to disregard will cure error associated with an improper question and answer." *Ovalle v. State*, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000). Therefore, a trial court should grant a mistrial only when an improper question about inadmissible extraneous offenses is "clearly prejudicial to the defendant and is of such character as to suggest the impossibility of withdrawing the impression produced on the minds of the jurors." *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000) (quoting *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)).

## C. ANALYSIS

If the possible answer to a question constitutes admissible evidence, it stands to reason that the mere asking of the question would not require the granting of a mistrial. *See Callaway v. State*, 818 S.W.2d 816, 827 (Tex. App.—Amarillo 1991, pet. ref'd) (holding that refusing to declare mistrial cannot be error when disputed evidence is admissible). Here, because the prosecutor's question asked for evidence relevant to Upton's self-defense claim, the question itself could not have been irretrievably prejudicial to Upton, and the trial court did not abuse its discretion in denying his mistrial request.[1]

Upton's defense was self-defense. He claimed that the physical fight started because Sonia was upset at his cheating. According to Upton, Sonia punched him in the nose while they were in the car. After Sonia "got a significant strike on" him, Upton threatened to call 911. She then kicked the phone out of his hand, so he bit Sonia on her leg. Upton said he was "trying to hold her off," but Sonia grabbed onto

---

[1]During testimony the following day, the trial court reconsidered its decision to bar evidence of the Collin County assault on Joanne, determining that it was relevant to rebut Upton's self-defense claim. Upton objected to this ruling, but he does not assign error to it in his brief. Therefore, we limit our analysis to the trial court's refusal to declare a mistrial the previous day. *See Coleman v. State*, No. 02-18-00471-CR, 2020 WL 241975, at *4 (Tex. App.—Fort Worth Jan. 16, 2020, no pet.) (mem. op., not designated for publication) (noting that defendant "cabins our review to the issue of the refusal to grant his motions for mistrial . . . [and] does not assign error based on the claim that the trial court erroneously overruled any objections that he asserted to the admission of any specific extraneous-offense evidence under Texas Rules of Evidence 401, 403, or 404(b)").

his pinky and bit it. Upton said he "freaked out a little bit" and head-butted her. In response to a question from defense counsel, Upton said that head-butting her was the only way he could get his hand back from Sonia.[2]

Evidence of other violent acts are admissible to refute a defensive theory. *Halliburton v. State*, 528 S.W.2d 216, 218 (Tex. Crim. App. 1975); *Atlas v. State*, No. 02-15-00380-CR, 2017 WL 2813162, at *4 (Tex. App.—Fort Worth June 29, 2017, pet. ref'd) (mem. op., not designated for publication) (holding that defendant who claimed self-defense "opened the door" to testimony he had previously assaulted the victim "without physical provocation"). "Extraneous-offense evidence is not inadmissible under Rule 404(b) when it is offered to rebut an affirmative defense or a defensive issue that negates one of the elements of the crime." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007).

The prosecutor's question about the Collin County assault on Joanne called for evidence which was relevant to rebut Upton's claim of self-defense. Accordingly, the trial court could not have abused its discretion[3] in refusing to declare a mistrial in response to the asking of that question.

---

[2]Upton's defense was no secret—defense counsel spent a considerable amount of time during jury selection explaining the law of self-defense to the panel.

[3]There is no question that a mistrial is not required as a response to a question calling for relevant and admissible evidence. But, even if the State's question had been improper, the trial court's prompt instruction to disregard it would have been sufficient to "cure error" associated with the question. *See Ovalle*, 13 S.W.3d at 783. Further, there is no danger that the State's question about Upton's prior assault was

Having overruled Upton's sole point, we affirm the trial court's judgment.

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 27, 2023

---

so clearly prejudicial as to render the instruction fruitless. *See Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (holding an instruction to disregard is sufficient "unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind").